THE STATE OF OHIO, APPELLEE, *v.* JANNEY, APPELLANT.

[Cite as State v. Janney (1977), 55 Ohio App. 2d 257.]

(No. 77AP-658—Decided December 1, 1977.)

*Mr. George C. Smith,* prosecuting attorney, and *Mr. Alan C. Travis,* for appellee.

*Mr. James Kura, Mr. C. William Lutz* and *Mr. Gregory L. Ayres,* for appellant.

REILLY, J. The state of Ohio, appellee in this case, has filed a motion to dismiss, as follows:

"Now comes the State of Ohio, plaintiff-appellee, and moves the Court to dismiss the within appeal as not being a final appealable judgment or order under Article IV, Section 3(B)(2) of the Constitution of the State of Ohio."

The trial court's judgment entry reads as follows:

"This cause came on to be heard by the Court, the defendant having waived, in writing, his right to trial by jury. The defendant has also previously entered a plea of 'not guilty by reason of insanity.'

"Upon the basis of the evidence submitted to the Court, the Court hereby acquits the defendant on all charges in this case on the sole ground of the defendant's insanity.

"Accordingly, pursuant to Section 2945.39, Ohio Revised Code, the Court hereby directs that the defendant be confined forthwith in the Lima State Hospital, and the defendant shall remain confined in such hospital until released according to law.

"The Sheriff of Franklin County shall make any necessary arrangements for conveying the defendant to Lima

State Hospital in accordance with the provisions of this Entry."

We quote the provisions of R. C. 2945.39 verbatim:

"When a defendant pleads 'not guilty by reason of insanity,' and is acquitted on the sole ground of his insanity, such fact shall be found by the jury in its verdict, and it is presumed that such insanity continues. In such case the court shall forthwith direct that the accused be confined in the Lima state hospital, and shall forthwith commit him to such hospital, and such person shall not be released from confinement in said hospital until the judge of the court of common pleas of Allen county, the superintendent of the Lima state hospital, an alienist to be designated by said judge and superintendent, or a majority of them, after notice and hearing, find and determine that said defendant's sanity has been restored, and that his release will not be dangerous. If said release is granted, it may be final or on condition, or such person may be released on parole, and thereafter, in the discretion of said judge or superintendent, said defendant may be returned to said hospital. The superintendent shall, at least annually on or before the anniversary of a defendant's commitment, review the defendant's case to determine if a hearing should be held. Notice of such hearing shall be given to the prosecuting attorney of Allen County and to the prosecuting attorney of the county from which said defendant was committed. This section does not deprive said defendant of his constitutional privilege to the writ of habeas corpus. A release pursuant to a writ of habeas corpus may be final or on such conditions as the court may impose in the interests of protecting the health, safety, or welfare of the defendant or the public. In any proceeding for the release of a person from the Lima state hospital, the court costs, to the extent not chargeable to the applicant for such release, shall be paid by the county from which such person was committed."

The statute plainly provides for the remedy of a writ of habeas corpus, and release under proper conditons by the Lima State Hospital. Moreover, it does not include a

provision that a party actually be confined in the Lima State Hospital before filing such action for a writ of habeas corpus. Further, R. C. 2953.05 includes the following, in pertinent part:

"Appeal under section 2953.04 of the Revised Code, may be filed as a matter of right within thirty days after *judgment and sentence* or from an order overruling a motion for a new trial or an order placing the defendant on probation and suspending the imposition of sentence in felony cases, whichever is the latter. * * *" (Emphasis added.)

A final judgment in a criminal case means sentence. *State* v. *Chamberlain* (1964), 177 Ohio St. 104, at 105; *Berman* v. *United States* (1937), 302 U. S. 211, at 212. Therefore, a finding of not guilty by reason of insanity is not a final judgment or order appealable to this court. Appellant's remedy is to petition for a writ of habeas corpus either where the trial was held if he is still in the custody of the Franklin County Sheriff, or in the Allen County Court of Common Pleas, as provided in the above quoted statute. In any event, since this court does not have jurisdiction to hear the appeal, the motion to dismiss is well taken and sustained.

*Motion granted.*

STRAUSBAUGH, P. J., and WHITESIDE, J., concur.

WHITESIDE, J., concurring. Although I concur in the dismissal of this appeal, it is unnecessary to determine whether or not there is any circumstance under which an accused found not guilty by reason of insanity has a remedy of appeal. A finding of not guilty by reason of insanity necessarily involves a finding that the defendant was guilty of the crime, but he was insane at the time he committed the crime. Otherwise, an unqualified not guilty finding would be required.

Whether or not an accused found not guilty by reason of insanity may appeal from the judgment to determine whether he received a fair trial upon the issue of his

guilt of the crime charged is not presented by this case. There is nothing in the statutes which expresses a clear intent that an accused, contending he should have been found not guilty of the crime or that he did not receive a fair trial upon that issue, is denied the right to appeal merely because he was found not guilty by reason of insanity. R. C. 2501.02(A) confers jurisdiction upon courts of appeals "to review, affirm, modify, set aside, or reverse judgments or final orders of courts of record inferior to the court of appeals * * *." R. C. 2953.02 provides that "[i]n a criminal case * * * the judgment or final order of a court of record inferior to the court of appeals may be reviewed in the court of appeals."

Defendant, however, does not seek such a review of the judgment of the Court of Common Pleas. Rather, he seeks by appeal a finding that he has been restored to reason and, thus, is entitled to release. However, R. C. 2945.39 expressly states that he shall not be released "until the judge of the court of common pleas of Allen county, the superintendent of the Lima state hospital, an alienist to be designated by said judge and superintendent, or a majority of them, after notice and hearing, find and determine that said defendant's sanity has been restored, and that his release will not be dangerous."

An appeal from the judgment adjudging defendant not guilty by reason of insanity cannot be substituted for the statutory procedure provided for determining whether defendant should be released.

Accordingly, I concur in the judgment.