THE STATE OF OHIO, APPELLEE, *v.*
SHINKLE, APPELLANT.

(No. CA85-06-038—Decided
January 13, 1986.)

*George E. Pattison,* prosecuting attorney, and *Richard P. Ferenc,* for appellee.

*John Frazier Jackson,* for appellant.

*Per Curiam.* This cause came on to be heard upon an appeal from the Court of Common Pleas of Clermont County.

This case, although brought to this court in terms of a sentencing issue, actually presents a procedural question concerning the propriety of the appeal itself. For the reasons set forth below, we hold that the matter is improperly before us and we therefore decline to rule on the specific assignments of error and dismiss the action *sua sponte.*

The case at bar emanated from an indictment issued by the Clermont County Grand Jury on March 23, 1983, charging defendant-appellant, Richard L. Shinkle, with one count of aggravated vehicular homicide, a fourth degree felony, in violation of R.C. 2903.06.[1] The indictment charged appellant with recklessly causing the death of one Bernadette Arthon while operating a motor vehicle on or about March 7, 1983. The indictment did not contain any specification charging appellant with having caused physical harm to another person, making an actual threat to physically harm another person with a deadly weapon, or having been previously convicted of or pleaded guilty to an offense of violence.

On March 30, 1984, appellant appeared in the Clermont County Court of Common Pleas with counsel and pleaded guilty to the charge of aggravated vehicular homicide. In addition to a fine and permanent revocation of his driving privileges, appellant was given an indefinite prison term of not less than two and not more than five years. Appellant was delivered to the custody of the Columbus Correctional Facility to begin execution of his sentence. No direct appeal was pursued with regard to the guilty plea and subsequent sentence.

Over a year later, on April 24, 1985, appellant filed what was simply styled a "motion" with the trial court. The motion requested the trial court "to vacate the sentence imposed upon Defendant on March 30, 1984 and to modify Defendant's sentence." Appellant argued that the trial court had failed to afford appellant the opportunity to elect whether to be sentenced under the law in effect at the time the crime was committed or under the law in effect at the time sentence was imposed.[2] Appellant fur-

---

[1] R.C. 2903.06 provides in part that:

"(A) No person, while operating * * * a motor vehicle * * * shall recklessly cause the death of another."

[2] R.C. 2929.61(C) provides in part that:

"* * * Persons convicted or sentenced on or after July 1, 1983, for an offense that is a felony of the third or fourth degree and that

ther claimed that since the indictment lacked an appropriate specification, appellant was entitled to a definite prison term of six months, one year, or eighteen months.[3]

The state responded with a motion to dismiss, claiming under R.C. 2929.51 that the trial court no longer had jurisdiction to modify appellant's sentence since appellant has been delivered to the custody of the institution in which he was to serve his sentence. Appellant filed a memorandum in opposition to the state's motion to dismiss arguing that his motion was not one to *modify* his sentence, but to *vacate* and *correct* the sentence. The trial court, in an opinion dated June 7, 1985, denied appellant's motion and affirmed the sentence previously imposed. On June 12, 1985, appellant filed a notice of appeal from "the opinion and order of the Court denying Defendant's Motion to have his sentence vacated and corrected."

Of primary concern in this case is the status of the trial court's order denying appellant's motion to "vacate and correct" his sentence. Before any consideration can be given to the merits of appellant's assigned errors, we must first determine whether the appealed order is in fact a final and appealable order subject to review by this court. As is the case in a civil proceeding, a criminal case requires a judgment or final order before there is a basis for appeal, *i.e.,* an order which amounts to a

disposition of the cause and which affects a substantial right in an action which in effect determines the action and prevents a judgment. *State, ex rel. Leis,* v. *Outcalt* (1982), 1 Ohio St. 3d 147; *State* v. *Ryan* (1984), 17 Ohio App. 3d 150; R.C. 2505.02. For purposes of appeal in a criminal case, a final judgment or order amounting to a disposition of the cause usually means the imposition of a sentence. *State* v. *Eberhardt* (1978), 56 Ohio App. 2d 193 [10 O.O.3d 197]; *State* v. *Janney* (1977), 55 Ohio App. 2d 257 [9 O.O.3d 393]. Clearly, the judgment and sentence imposed upon appellant on March 30, 1984, was a disposition of the cause amounting to a final appealable order. Accordingly, appellant had thirty days in which to file an appeal of that decision. App. R. 4(B). Such was not done and the time in which to file a direct appeal was allowed to lapse.

The appeal currently under consideration concerns the court's order denying appellant's "motion." The state argued that appellant's motion was one to *modify* sentence and was therefore precluded from consideration by the trial court because appellant was already in the custody of a correctional institution and had begun serving his sentence. Appellant's position is that the motion was one to vacate and correct or reimpose the sentence. The issue of semantics is of little importance in determining the motion's true identity since it is not the name or character of an order which determines its appeal-

---

was committed on or after January 1, 1974, and before July 1, 1983, shall be notified by the court sufficiently in advance of sentencing that they may choose to be sentenced pursuant to either the law in effect at the time of the commission of the offense or the law in effect at the time of sentencing. * * *"

[3] In support of his position appellant cites R.C. 2929.11 which provides in part for the following penalties:

"(D) Whoever is convicted of or pleads guilty to a felony of the third or fourth degree

and did not, during the commission of that offense, cause physical harm to any person nor make an actual threat of physical harm to any person with a deadly weapon * * * and who has not previously been convicted of an offense of violence shall be imprisoned for a definite term * * *. The terms of imprisonment shall be imposed as follows:

"* * *

"(2) For a felony of the fourth degree, the term shall be six months, one year, or eighteen months."

ability, but rather the order's effect upon the action. *Eberhardt, supra.* In determining if the order is final and appealable, it is not enough to merely say that the order is interlocutory; rather, the order must be examined to determine if it affects substantial rights and in effect determines the action. *Eberhardt, supra.*

Appellant claims that he was denied his right to elect and choose the law under which he was to be sentenced. Without passing judgment on whether this right was in fact violated, we would state that the right is undeniably a substantial right. However, if in fact appellant's right of election was violated, it was violated when he was sentenced on March 30, 1984, not when the court denied his motion on June 7, 1985. The sentencing election, if available to appellant, could be exercised only prior to the trial court's imposition of sentence, not after appellant had served a year of his sentence. Accordingly, we hold that the order denying appellant's motion did not affect a substantial right and determine the action. Furthermore, we do not consider this to be a "special proceeding" in a case following judgment. To so hold would open the doors to endless motions by criminal defendants continually contesting and challenging their sentences months and even years after execution of the sentences had begun. The constant clamour for appellate review raised by such motions could effectively stymie and impede the execution and enforcement of criminal sentences and judgments.

To accept appellant's additional argument that the court's denial of the motion acts as a *nunc pro tunc* entry relating back to the original sentencing order would not properly place the matter before an appellate court. The general rule is that a *nunc pro tunc* entry cannot operate to extend the period within which an appeal may be prosecuted, especially where the appeal grows out of the original order rather than the *nunc pro tunc* entry. See *Perfection Stove Co.* v. *Scherer* (1929), 120 Ohio St. 445. Even accepting appellant's proposition that the June 7, 1985 order was a *nunc pro tunc* entry relating back to the original order of March 30, 1984, then the time for appealing such order would still be thirty days subsequent to the March 30 order.

Accordingly, we hold that the trial court's decision to deny appellant's "motion" is not a final appealable order subject to review by this court. This decision, however, does not preclude appellant from any and all review of his sentence. There are appropriate avenues of post-conviction relief available to appellant, including the application for a delayed appeal pursuant to App. R. 5. However, the case as it now appears before us in its present procedural form lacks the status of a final appealable order and is not subject to our review. We therefore dismiss the action *sua sponte* without prejudice to appellant.

*Appeal dismissed.*

JONES, P.J., HENDRICKSON and NICHOLS, JJ., concur.

NICHOLS, J., of the Court of Common Pleas of Madison County, sitting by assignment in the Twelfth Appellate District.