OPINION
These appeals are taken from final judgments of the Ashtabula County Court of Common Pleas. Appellant, Steven R. Spring, appeals from the trial court's denial of his motions to vacate mandatory fines that were previously imposed following his convictions for certain drug offenses.
In 1995, appellant was the defendant in two criminal prosecutions in the trial court. The cases were designated as 95 CR 33 and 95 CR 46. Upon motion of the state under Crim.R. 13, the trial court consolidated the cases for all purposes because the offenses alleged to have been committed by appellant could have been joined in a single indictment or information. The trial court further found appellant to be indigent for purposes of the appointment of counsel. As a result, the trial court appointed an attorney to represent appellant.
Following plea negotiations with the state, appellant pled guilty to three offenses on May 5, 1995. In 95 CR 33, appellant entered a plea of guilty to one count of aggravated trafficking in drugs in violation of R.C. 2925.03(A)(1). In 95 CR 46, appellant pled guilty to one count of aggravated trafficking in drugs in violation of R.C. 2925.03(A)(1) and one count of permitting drug abuse in violation of R.C. 2925.13(B). The trial court accepted the guilty pleas and entered them of record. Sentencing was delayed pending the completion of a presentence investigation report ("PSI report").
Thereafter, on May 30, 1995, appellant filed motions in opposition to the imposition of mandatory fines pursuant to R.C.2925.03(L) and R.C 2925.13(D)(5). In these motions, appellant requested that the trial court waive the criminal fines which were mandated by statute for the particular offenses to which he had pled guilty in 95 CR 33 and 95 CR 46. Appellant attached an affidavit of indigency identical to the one he had filed for appointed counsel. In this affidavit, appellant averred that he did not have any bank accounts or other assets that could readily be liquidated into cash.
Appellant appeared for sentencing on June 23, 1995. With respect to his conviction in 95 CR 33, the trial court sentenced appellant to an indefinite term of imprisonment of five to fifteen years for aggravated trafficking in drugs. In 95 CR 46, the trial court ordered appellant to serve a definite period of eighteen months in relation to his conviction for permitting drug abuse and an indefinite period of five to fifteen years in prison for aggravated trafficking in drugs. The two sentences imposed in 95 CR 46 were concurrent. The trial court, however, ordered that these prison terms be served consecutive to the sentence imposed in 95 CR 33.
In addition to imposing the prison sentences, the trial court ordered appellant to pay the following mandatory fines: (1) in 95 CR 33, the sum of $2,500 for aggravated trafficking in drugs pursuant to R.C. 2925.03(H)(4); (2) in 95 CR 46, the sum of $1,500 for permitting drug abuse pursuant to R.C. 2925.13(D)(1); and (3) in 95 CR 46, the sum of $2,500 for aggravated trafficking in drugs pursuant to R.C. 2925.03(H)(4). The sentencing entry did not expressly address appellant's prior motions to waive the fines based upon his alleged indigency.
Appellant did not file any direct appeal from his convictions and sentences in 1995. Instead, after being incarcerated for almost four years, appellant filed identical motions to vacate the mandatory fines that had been assessed against him in 95 CR 33 and 95 CR 46. These motions were filed in the trial court on April 8, 1999. Pursuant to the motions, appellant requested that the trial court suspend the imposition of the fines on the ground that he had properly submitted an affidavit of indigency prior to the sentencing hearing. According to appellant, the trial court should have found him to be indigent for purposes of paying the fines.
On April 21, 1999, the trial court overruled appellant's motions to vacate the mandatory fines by an identical judgment entry filed in both 95 CR 33 and 95 CR 46. In this entry, the trial court observed that although an express determination was not contemporaneously included in the sentencing entries, "the Court did have available to it information supporting the finding that the defendant was not indigent, and the Court did, in fact, make that determination prior to the time of sentencing." Indeed, the trial judge who ruled on appellant's motions to vacate the fines was the same judge who had imposed such fines on him in the first place at the sentencing hearing held on June 23, 1995.
The trial court explained how it reached its prior conclusion on the indigency issue. Initially, the trial court noted that the determination as to whether a particular defendant is indigent for purposes of imposing a mandatory fine is analytically distinct from the indigency determination made in the context of appointed counsel. Therefore, the fact that the trial court appointed an attorney to represent appellant was not dispositive of whether the fines should have been waived at sentencing.
The trial court then recalled that appellant conceded in his affidavit of indigency that he was the joint owner of a residence in Ashtabula, Ohio. Beyond this admission in the affidavit, the trial court reviewed the PSI report that had been prepared by the probation department prior to appellant's sentencing. The PSI report also indicated that appellant had an ownership interest in the same property which was free and clear of any liens or encumbrances at the time of sentencing. Finally, the trial court considered the fact that appellant had admitted to probation department officials that he made significant sums of money from illegal drug transactions. For all of these reasons, the trial court concluded that appellant was not indigent for purposes of waiving the mandatory fines, notwithstanding the absence of an express statement to that effect in the sentencing entries.
From these judgments, appellant filed pro se notices of appeal with this court.[1] He now asserts the following assignment of error:
 "The trial court erred and abused its discretion, to the prejudice of the Appellant, by overruling the Appellant's motion to vacate fines and costs in the matter."
In his lone assignment of error, appellant posits that the trial court erred by denying his motions to vacate the previously imposed mandatory fines. According to appellant, the trial court should have held a separate hearing on the question of whether he could afford to pay the fines because he filed an affidavit of indigency prior to the sentencing hearing as required by R.C.2925.03(L) and R.C. 2925.13(D)(5). Appellant maintains that the trial court committed reversible error by not expressly ruling on the issue of his indigency back in 1995. If the trial court had done so, appellant suggests that the court would have found him to be indigent for purposes of paying the fines. Thus, from appellant's perspective, the trial court was under a duty to vacate the fines when presented with the motions in April 1999.
Before we may address the merits of appellant's assignment of error, we must first determine whether the appealed judgment is in fact a final appealable order subject to review by this court.
Under Ohio law, an appellate court may review only the final orders of inferior courts within its district. Section 3(B)(2), Article IV, Ohio Constitution; R.C. 2501.02; R.C. 2505.03. The term "final order" is defined within R.C. 2505.02. It should be recognized that R.C. 2505.02 is applicable to both criminal and civil proceedings. State v. Crago (1990), 53 Ohio St.3d 243,244-245.
The Supreme Court of Ohio has stated that a final order determines an action and prevents a judgment. Chef ItalianoCorp. v. Kent State Univ. (1989), 44 Ohio St.3d 86, 88. In addition, the following language has been used to describe a final order:
 "In determining if the order is final and appealable, it is not enough to merely say that the order is interlocutory; rather, the order must be examined to determine if it affects substantial rights and in effect determines the action." State v. Shinkle (1986), 27 Ohio App.3d 54, 56. (Citation omitted.)
It is well-settled that civil and criminal proceedings require a final appealable order before there can be a basis for an appeal. Id. at 55. In a criminal case, "a final judgment or order amounting to a disposition of the cause usually means the imposition of a sentence." Id.
citing State v. Eberhardt (1978), 56 Ohio App.2d 193 andState v. Janney (1977), 55 Ohio App.2d 257. "[P]ost-conviction relief arising after the substantial rights of a defendant have been determined is not ordinarily considered a disposition of the cause." Statev. McGlone (Dec. 19, 1995), Scioto App. No. 95CA2354, unreported, at 2, 1995 WL 752452. (Citation omitted.) Accordingly, this court has recognized that:
 "[i]f there is no final judgment or other type of final order, then there is no reviewable decision over which an appellate court can exercise jurisdiction, and the matter must be dismissed." BCGS, L.L.C. v. Raab (July 17, 1998), Lake App. No. 98-L-041, unreported, at 3-4, 1998 Ohio App. LEXIS 6584.
Upon review, it is obvious that we need not address the substantive merit of appellant's assigned error because appellant is attempting to attack his sentence collaterally by appealing the denial of his present motion to vacate payment of fines and court costs. The crux of appellant's argument in the instant appeals is that the trial court erred in 1995 by not waiving the imposition of the mandatory fines based upon his affidavit of indigency. Appellant, in other words, is challenging a very specific aspect of the sentences meted out by the trial court.
"If appellant's right to an indigency hearing was violated, it was violated when appellant was sentenced" on June 23, 1995.McGlone at 2. See, also, Shinkle at 56. Thus, the proper time for appellant to have questioned the propriety of the trial court's decision was on direct appeal immediately after the June 23, 1995 sentencing hearing. McGlone at 2; see, also, State v.Arnett (Feb. 22, 1996), Shelby App. No. 17-95-25, unreported, 1996 WL 106999 (relying on Shinkle and holding that the trial court's denial of appellant's motion to vacate court costs was not a final appealable order because appellant was attempting to collaterally attack his sentence).
As soon as he was sentenced, appellant was on notice of two issues: one, no hearing had been held on his motion requesting the waiver of criminal fines; and two, the trial court had implicitly overruled his motions to waive the imposition of the mandatory fines. Pursuant to App.R. 4(A), appellant had to file notices of appeal within thirty days of the entry of his convictions in 95 CR 33 and 95 CR 46. As stated earlier, appellant never filed any direct appeal, either from his convictions or sentences in 1995.
Appellant is not allowed to wait almost four years and then collaterally attack his sentences through post-judgment motions to vacate the mandatory fines. The final judgments of conviction bars appellant from raising and litigating any alleged error in his sentencing in any proceeding except a direct appeal from those judgments.
Moreover, it should be noted that appellant had the opportunity to raise the proposed error relating to his sentencing in properly framed motions for delayed appeal under App.R. 5(A). Pursuant to this rule, "[a]fter the expiration of the thirty day period provided by App.R. 4(A) for the filing of a notice of appeal as of right in criminal cases, an appeal may be taken only by leave of the court to which the appeal is taken."
Appellant did move this court for leave to file delayed appeals in 95 CR 33 and 95 CR 46, but he did not do so until April 29, 1999. In doing so, however, appellant offered no plausible explanation as to why it took him so long to request leave to file the delayed appeals. Given this, we disposed of his motions in the following manner:
 "App.R. 5(A) provides that a motion for leave to appeal shall set forth the reasons for the failure of the appellant to perfect an appeal as of right. Here, appellant merely submits `that he is a layman to the law and has had to perform his own research as to the viability of an appeal to the Court.'
 "It is our position that this submission by appellant provides no specific reason as to the [sic] why he has delayed for a period of nearly [four] years any attempt to initiate direct appeals of his convictions and sentences, and why he should not be deemed to have waived his right to a delayed appeal.
 "Accordingly, * * * it is ordered that the motions for delayed appeal are hereby overruled and that these appeals are hereby dismissed." (Emphasis added.) State v. Spring (Aug. 13, 1999), Ashtabula App. Nos. 99-A-0020 and 99-A-0021, unreported, at 3.
 Thus, appellant failed to submit timely notices of appeal following the June 23, 1995 sentencing hearing, and he then proceeded to wait much too long before requesting leave to file the delayed appeals from the trial court's judgments in 95 CR 33 and 95 CR 46. To consider the merits of the appeals herein would not only allow appellant to circumvent the App.R. 4(A) requirement of timeliness when filing an appeal, but it would also be in direct contravention of this court's prior resolution of his motions for delayed appeal.
Quite simply, appellant's lack of diligence in pursuing his right to appeal precludes this court from now considering the substance of his assigned error challenging the imposition of the mandatory fines. The present appeals constitute nothing more than extremely tardy collateral attacks on the sentences which were handed down by the trial court in 1995.
Even if we assume arguendo that the trial court's decision to deny appellant's motion to vacate costs and fines was a final appealable order, appellant's claim is still barred by the doctrine of res judicata.
In Ohio, the doctrine of res judicata is a rule of justice.Bank One, Akron, N.A. v. Atwater Ent., Inc., (1994),96 Ohio App.3d 59, 66. Res judicata requires the plaintiff to present every claim for relief in his or her first action or be forever barred from asserting these claims in a later action. Mohan v. Fetterolf (1995),107 Ohio App.3d 167, 173. Rendering of a final judgment in litigation between parties is conclusive as to all the claims which were or could have been litigated in the first lawsuit. Id. Thus, res judicata applies if a party could have raised an issue in the first lawsuit but failed to do so. Id.
As previously mentioned, the error appellant assigns arises from the trial court's sentencing entry, which imposed the court costs obligation and payment of fines. Appellant maintains thatres judicata is inapplicable because the issue of indigency was never "fully and fairly litigated." Furthermore, appellant asserts that "since this issue goes to the subject matter jurisdiction of the [t]rial [c]ourt, the issue may be raised at any point during the litigation and is not subject to a doctrine of waiver." To the contrary, numerous Ohio courts have recognized that payment of fines and court costs can be raised in a direct appeal to an appellate court:
 "* * * [C]osts issue[s] could have been raised in * * * direct appeal to this court. * * * Consequently, the foregoing assignments of error are barred by the doctrine of res judicata and therefore, they are overruled." State v. Hudnall (Dec. 19, 1997), Marion App. No. 9-97-65, unreported, at 1, 1997 WL 783482. See, also, State v. Rivers
(Aug, 25, 1999), Summit App. No. 19033, unreported, at 1, 1999 WL 642918; State v. Costa (Sept. 3, 1999), Greene App. No. 99CA0014, unreported, at 1, 1999 WL 957647.
Thus, appellant could have raised the issue of payment of fines and court costs in his direct appeal, but he failed to do so. Consequently, the doctrine of resjudicata bars appellant from raising this issue now.
To summarize, the order denying appellant's motion to vacate payment of court costs and fines is not a final appealable order because it "did not affect a substantial right and determine the action." Pursuant to McGlone and Shinkle, appellant should have raised the lack of an indigency hearing and imposition of fines in his direct appeal. Therefore, we hold that the trial court's denial of appellant's motion to vacate the payment of fines and court costs is not a final appealable order over which this court may exercise its appellate jurisdiction.
Even if the trial court's decision to deny appellant's motion to vacate fines and costs were a final appealable order, appellant's claim is still barred by the doctrine of res judicata.
Based on the foregoing analysis, we dismiss the appealsua sponte for lack of jurisdiction in that there is no final appealable order.
 ____________________________________ JUDITH A. CHRISTLEY, PRESIDING JUDGE
NADER, J.,
MAHONEY, J., Ret., Eleventh
District, sitting by assignment, concur.
[1] The appeals from the judgments in 95 CR 33 and 95 CR 46 have been designated as 99-A-0028 and 99-A-0029, respectively. They have been consolidated sua sponte by this court for all purposes.