JOURNAL ENTRY and OPINION
These three consolidated criminal cases are before the court on appeal from municipal court orders denying appellants' motions to stay proceedings pending the outcome of a civil matter in the common pleas court. Appellants present a single assignment of error for our review:
 DEFENDANT-APPELLANT CONTENDS (SIC) THAT THE TRIAL COURT ERRED IN DENYING DEFENDANT-APPELLANTS' MOTION TO STAY CRIMINAL PROCEEDINGS/MOTION FOR RECUSAL TO THE PREJUDICE OF DEFENDANT-APPELLANTS' (SIC) BECAUSE JUDGE RAYMOND PIANKA INCORRECTLY DECIDED THAT HE SHOULD NOT BE DISQUALIFIED PURSUANT TO CODE OF JUDICIAL CONDUCT 3(C)(1)(a) WHICH REQUIRES A JUDGE TO DISQUALIFY HIMSELF IN A PROCEEDING IN WHICH HIS IMPARTIALITY MIGHT REASONABLY BE QUESTIONED.
In two of the three cases before the court, we find we have no jurisdiction because the appellant did not timely file his notices of appeal. In the third action, we find we lack jurisdiction because the order denying a stay of proceedings is not final and appealable. Therefore, we dismiss all three appeals.
 PROCEDURAL HISTORY
Because these cases were not consolidated before the municipal court, a separate discussion of their various procedural histories is necessary.
Appeal No. 76928 (Municipal Court Case No. 99CRB10397)
In this case, appellant Robert Zakaib was charged with health code violations at a food handling operation located at 11831 Union, Cleveland, Ohio. On June 21, 1999, appellant moved the municipal court to stay the proceedings pending the outcome of a case filed in Cuyahoga County Common Pleas Court, based on the fact that the municipal court judge was a witness in that case. The municipal court denied this motion in a judgment entry dated September 1, 1999 and marked received for journalization on October 20, 1999. Appellant filed his notice of appeal from this ruling on September 13, 1999.
Appeal No. 76929 (Municipal Court Case No. 99CRB10398)
Appellant George Zakaib was charged with health code violations at a food handling operation at 11831 Union, Cleveland, Ohio. Appellant filed two motions to stay proceedings, one on June 11, 1999 and one on June 21, 1999. The June 11 motion asked the municipal court to stay proceedings pending the ruling on a Motion to Show Cause filed in Cuyahoga County Common Pleas Court * * * based on a violation of an agreed Judgment Entry filed by the City of Cleveland Law Department and Nate N. Malek, Esq. counsel for Defendant. This motion was denied in an entry dated June 21, 1999 and marked received for journalization on October 20, 1999.
The June 21, 1999 motion asked the municipal court to stay proceedings pending the outcome of the case filed in Cuyahoga County Common Pleas Court in which the municipal court judge was a witness. This motion was denied by the court in an entry dated June 29, 1999 and marked received for journalization twice, on June 29, 1999 and on October 20, 1999. Appellant filed his notice of appeal from the ruling on his second motion on September 13, 1999.
Appeal No. 76930 (Municipal Court Case No. 98CRB44569)
Appellant George Zakaib was charged with building and housing code violations. On November 12, 1998, he moved the court to stay the proceedings pending the ruling on a Motion to Show Cause in the common pleas court case. The court granted this motion and continued the matter until June 9, 1999, with the city's consent. On June 21, 1999, appellant filed a second motion for stay, identical to the motion filed in Case No. 99CRB10397. This motion was denied in an order identical to the one in Case No. 99CRB10397. As in the other two cases, appellant filed his notice of appeal from the ruling on his June 21 motion on September 13, 1999.
 LAW AND ANALYSIS
Appeal Nos. 76929 76930
Appeal Nos. 76929 and 76930 must be dismissed for lack of jurisdiction. The notice of appeal in each case was filed more than thirty days after the order from which appellant sought to appeal.
The timely filing of a notice of appeal under App.R. 4(A), within thirty days of the * * * entry of the judgment or order appealed, is jurisdictional. A judgment or order is entered when it is filed for journalization. App.R. 4(D); Crim.R. 32(C); see Cleveland v. Trzebuckowski (1999), 85 Ohio St.3d 524; Toledo v. Fogel(1985),20 Ohio App.3d 146, 148-49. In each of these cases, the order from which appellant sought to appeal was filed for journalization on June 29, 1999. Therefore, the notices of appeal filed September 13, 1999 were untimely.
Although each order was stamped as filed for journalization again on October 20, 1999, the period for filing an appeal obviously cannot be extended by refiling the judgment. Cf. State v. Shinkle (1986),27 Ohio App.3d 54 (nunc pro tunc order does not extend time for filing appeal). Appellant did not seek leave to file a delayed appeal under App.R. 5; therefore, this court lacks jurisdiction over these appeals and will dismiss them.
Appeal No. 76928
The notice of appeal in this case was actually filed before the entry of the order from which appellant sought to appeal. Under App.R. 4(C), a premature notice of appeal is treated as filed immediately after the entry of the judgment or order; therefore, the notice of appeal in this case was timely.
Appellant seeks to appeal an order denying his motion for a stay of proceedings. The denial of the stay clearly did not dispose of the entire action, raising the question whether the order is final and appealable under R.C. 2505.02.
Prior to the recent revision of [R.C. 2505.02], orders which granted a stay of proceedings were held to be not final and, therefore, not appealable. Sorg v. Montgomery Ward Co., Inc. (Dec. 17, 1998), Erie App. No. E-98-057, unreported. The revised statute now lists five classes of final, appealable orders:
 (B) An order is a final order that may be reviewed, affirmed, modified, or reversed, with or without retrial, when it is one of the following:
 (1) An order that affects a substantial right in an action that in effect determines the action and prevents a judgment;
 (2) An order that affects a substantial right made in a special proceeding or upon a summary application in an action after judgment;
 (3) An order that vacates or sets aside a judgment or grants a new trial;
 (4) An order that grants or denies a provisional remedy and to which both of the following apply:
 (a) The order in effect determines the action with respect to the provisional remedy and prevents a judgment in the action in favor of the appealing party with respect to the provisional remedy.
 (b) The appealing party would not be afforded a meaningful or effective remedy by an appeal following final judgment as to all proceedings, issues, claims and parties in the action.
 (5) An order that determines that an action may or may not be maintained as a class action.
An order denying a stay clearly is not an order that determines the action, is made in a special proceeding (i.e., was unknown at common law), vacates or sets aside a judgment or grants a new trial, or determines class action status. Consequently, it is final and appealable only if it grants or denies a provisional remedy and meets the further conditions of R.C. 2505.02(B)(4)(a) and (b).
A provisional remedy is defined as:
 * * * a proceeding ancillary to an action, including, but not limited to, a proceeding for a preliminary injunction, attachment, discovery of privileged matter, or suppression of evidence.
R.C. 2505.02(A)(3).
In general, a proceeding to stay a court action may be considered ancillary to the main action, akin the request for a preliminary injunction. Sorg, Erie App. No. E-98-057. Further-more, though the court may change its decision at any time before final judgment, we find the denial of a stay in effect determines the action with respect to the motion for a stay and prevents a judgment in favor of the appealing party with respect to that issue.
Unlike a party seeking to appeal the grant of a stay as in Sorg, a party challenging the denial of a stay can be afforded a meaningful and effective remedy in an appeal following a final judgment as to all proceedings. The party who is forced to await the lifting of the stay may be harmed by the delay; however, we do not perceive that any rights will be irretrievably lost by the denial of a delay in the proceedings.
Accordingly, we find the order denying a stay of proceedings is not a final appealable order under R.C. 2505.02(B)(4). Therefore, we must also dismiss this appeal.
These causes are dismissed.
It is, therefore, considered that said appellee recover of said appellants its costs herein.
It is ordered that a special mandate be sent to said court to carry this judgment into execution.
A certified copy of this entry shall constitute the mandate pursuant to Rule 27 of the Rules of Appellate Procedure.
TERRENCE O'DONNELL, P.J. and ANNE L. KILBANE, J. CONCUR
 _____________________ JUDGE KENNETH A. ROCCO