This matter comes for consideration upon both the record in the trial court and the parties' briefs. Appellant Anthony Kuttie (hereinafter "Kuttie") appeals from the decision of the Harrison County Court of Common Pleas sentencing him to four years of incarceration and assessing a $1000 fine for felonious assault. Although Kuttie raises other assignments of error, the issue before us which must be resolved is whether we have jurisdiction to entertain this appeal. Because the order appealed from is not a final appealable order, we dismiss this appeal.
On May 31, 1997, Kuttie observed his girlfriend Kim Muze (hereinafter "Muze") "cheating" on him with another male at a local bar. Later that night, an argument ensued between Kuttie and Muze and Kuttie struck Muze in the face two times. Kuttie left the scene but was later arrested.
On July 25, 1997, Kuttie was indicted for felonious assault. Kuttie subsequently waived his right to a jury trial and entered a plea of guilty to a violation of R.C. 2903.11(A). On November 13, 1997, the trial court sentenced Kuttie to four years in prison and ordered him to pay a fine in the amount of $1000. Kuttie did not appeal this decision. Three years later, in December of 2000 Kuttie filed a Motion to Vacate Fines which was denied on January 24, 2001. It is from that denial that Kuttie now appeals.
Kuttie has presented two assignments of error:
 "The trial court erred to the prejudice of defendant-appellant by imposing a $1000 fine when defendant was sentenced to a four year prison term."
 "Ohio Revised Code Section 2929.18 (B)(1) is unconstitutional in that it allows drug offenders convicted of a felony a way to evade payment of a fine leaving a non-drug offender no avenue of relief from a statutorily imposed fine."
Before we can address Kuttie's assignments of error on the merits, we must first determine whether the trial court's January 24, 2001 judgment entry is a final appealable order subject to review by this court.
Under Ohio law, an appellate court may review only the final orders of inferior courts within its district. Section 3(B)(2), Article IV, Ohio Constitution; R.C. 2501.02; R.C. 2505.03. The term "final order" is defined within R.C. 2505.02(B) which sets forth five categories of final orders, the first of which is controlling here: "(1) those that affect a substantial right, determine an action, and prevent a judgment". Id. ChefItaliano Corp. v. Kent State Univ. (1989), 44 Ohio St.3d 86, 87-88.
Under the first category, an order must affect a substantial right, determine the action, and prevent a judgment before it may be considered a final appealable order. R.C. 2505.02. If an order fails to satisfy any of these three criteria, it is not final. Stewart v. Midwestern Indemn.Co. (1989), 45 Ohio St.3d 124, 126. Under the second category of R.C.2505.02, an order is final if it is made in a special proceeding and affects a substantial right. A "special proceeding" is an action created by statute and not recognized at common law or in equity. Polikoff v.Adam (1993), 67 Ohio St.3d 100, 107. R.C. 2505.02(A)(1) defines a "substantial right" as "a right that the United States Constitution, the Ohio Constitution, a statute, the common law, or a rule of procedure entitles a person to enforce or protect."
It is well-settled that civil and criminal proceedings require a final appealable order before there can be a basis for an appeal; "i.e., an order which amounts to a disposition of the cause and which affects a substantial right in an action which in effect determines the action and prevents a judgment." (Citations omitted.) State v. Shinkle (1986),27 Ohio App.3d 54, 55. In a criminal case, "a final judgment or order amounting to a disposition of the cause usually means the imposition of a sentence." Shinkle at 55, citing State v. Eberhardt (1978),56 Ohio App.2d 193 and State v. Janney (1977), 55 Ohio App.2d 257.In contrast, "post-conviction relief arising after the substantial rights of a defendant have been determined is not ordinarily considered a disposition of the cause." State v. McGlone (Dec. 19, 1995), Scioto App. No. 95CA2354, unreported, at 2. Thus, an imposition of sentence is a disposition of a case which affects a substantial right as opposed to post-conviction relief which arises after the substantial rights of a defendant have been determined.
Clearly, the judgment and sentence imposed upon Kuttie in November 1997 was a disposition of the cause amounting to a final appealable order. However, we must now determine whether the trial court's denial of Kuttie's Motion to Vacate Fines is a final appealable order.
The issue regarding the finality and appealability of a trial court's denial of a motion to vacate costs or fines has been previously decided by three other Ohio appellate courts, the most recent being the Eleventh District. State v. Pasqualone (Sept. 15, 2000), Ashtabula App. No. 99-A-0044, unreported. The Pasqualone court found that a motion to vacate costs was not a final appealable order relying upon the prior reasoning of both the Third District and the Fourth District.
The Third Appellate District in State v. Arnett (Feb. 22, 1996), Shelby App. No. 17-95-25, unreported, was faced with similar facts as in this instant matter. There, the defendant pled guilty to two misdemeanor charges. The trial court accepted his plea, sentenced him to a prison term, and fined him $500 for each offense, plus costs. The defendant did not appeal the court's judgment of sentence but instead filed a motion to have his fines vacated. The trial court denied his motion, and as a result, the defendant appealed from that judgment. Relying on Shinkle, the Third District held that the trial court's denial of defendant's motion to vacate fines and costs was not a final appealable order and thus, dismissed his appeal. Arnett at 1.
In McGlone, supra, a jury found defendant-appellant guilty of certain criminal charges, and he was sentenced accordingly. An appeal was instituted, but the Fourth Appellate District affirmed the conviction. Thereafter, a motion to vacate payment of court costs and fines was filed but the trial court denied this motion. The defendant, unaware of the court's judgment, filed a motion to withdraw his former motion to vacate payment and then filed a motion to suspend further execution of fines on the basis that he was subjected to excessive fines and costs without a hearing on his ability to pay. The trial court denied the motion, and he appealed from this decision. McGlone at 1.
The McGlone court explained that by appealing the denial of his motion to suspend further execution of his fines, the defendant was arguing that his sentencing was improper because the trial court failed to hold a hearing to determine whether appellant was indigent. Id. at 2. Again, relying on Shinkle, the court found "[i]f appellant's right to an indigency hearing was violated, it was violated when appellant was sentenced * * *." Id. at 2, citing Shinkle at 56. Therefore, the court determined the appellant's motion to suspend further execution of fines was not a final appealable order because "[i]t [did] not affect a substantial right, nor [did] it determine the action or prevent a judgment. See R.C. 2505.02; State v. Shinkle, 27 Ohio App.3d at 5 [sic]."McGlone at 2. Having found no final appealable order, the court dismissed the appeal for lack of jurisdiction. Id.
It appears from the record that Kuttie is attempting to attack his sentence collaterally by appealing the denial of his motion to vacate his fine. Kuttie contends his sentencing was improper because his four year prison term was adequate punishment for his offense. Although it may be argued that Kuttie's substantial rights are being affected, these substantial rights existed on direct appeal. In other words, "[i]f appellant's right to an indigency hearing was violated, it was violated when appellant was sentenced" in November 1997. Shinkle at 56; McGlone
at 2. Kuttie should have raised the issue of the lack of an indigency hearing in a direct appeal to this court from the trial court's sentencing order of November 13, 1997.
As this court lacks jurisdiction over this appeal, we will refrain from addressing Kuttie's assignments of error on their merits. Doing so would constitute an impermissible advisory opinion. Bionci v. Boardman LocalSchools (June 18, 2001), Mahoning App. Nos. 00CA6 and 00CA83, unreported.
For the foregoing reasons, we dismiss this appeal.
Vukovich, P.J., and Donofrio, J., concurs.