OPINION
{¶ 1} This is an appeal from the judgment of the Crawford County Common Pleas Court, which reimposed a sentence of eighteen months on Defendant-appellant, John Ingram (Ingram), for violating his probation.
 {¶ 2} In July 1996, Ingram was indicted on one count of theft under R.C. 2913.02, a felony of the fourth degree. On February 4, 1997, Ingram plead guilty and was sentenced to eighteen months in prison, which was suspended pending cooperation with three years of probation. Ingram did not appeal this sentence. On March 7, 2000, Ingram appeared for a probation violation hearing wherein the trial court extended Ingram's probation to five years. On January 2, 2001, Ingram again appeared for a probation violation hearing wherein the trial court revoked his probation and imposed the original eighteen-month sentence and ordered the sentence be stayed until January 16, 2001. The sentenced was journalized on January 3, 2001. Ingram did not appeal this judgment. Ingram failed to surrender on January 16, 2001 to begin his incarceration and the trial court issued a warrant for his arrest. Ingram was found in May of 2002, and on May 15, 2002, Ingram was brought before the trial court. On May 21, 2002, the trial court reimposed his eighteen-month sentence from January 3, 2001.
 {¶ 3} Ingram now appeals asserting a single assignment of error, "THE COURT ERRED BY IMPOSING A PRISON SANCTION OF ONE AND A HALF YEARS ON THE DEFENDANT, JOHN INGRAM. THE SENTENCE SHOULD HAVE BEEN THIRTY DAYS."
 {¶ 4} R.C. 2505.02(B) provides, "An order is a final order that may be reviewed, affirmed, modified or reversed, with or without retrial when * * * it affects a substantial right in an action that in effect determines the action and prevents a judgment." A substantial right is one which a defendant is entitled to protect under the Constitution, Ohio Constitution, a statute, the common law, or a rule of procedure. R.C.2505.02(A)(1). Furthermore, "it is not the name or character of an order which determines its appealability, but rather the order's effect upon the action." See State v. Shinkle (1986), 27 Ohio App.3d 54, 55-56. A defendant wishing to appeal a final order must do so within thirty days of the entry of judgment. App.R. 4(A).
 {¶ 5} While Ingram contends that he can appeal the May 21, 2002 entry in which the trial court reiterated his sentence of eighteen months in jail, we disagree. On January 3, 2001, Ingram's probation was revoked and he was sentenced to eighteen months in jail. The May 21, 2002 judgment entry was only a restatement by the court of Ingram's eighteen-month sentence. As the trial court did not increase Ingram's sentence and merely reiterated Ingram's already imposed eighteen-month sentence, we fail to see how any of Ingram's substantial rights were affected. Moreover, as Ingram is contesting the sentence given to him for violating his probation, Ingram was required to file an appeal within 30 days of his January 3, 2001 sentence. However, Ingram failed to file an appeal from that sentence. Consequently, this appeal in its present procedural form is not taken from a final appealable order therefore must be dismissed for lack of jurisdiction.
Appeal dismissed.
 BRYANT and HADLEY, JJ., concur.