OPINION
{¶ 1} This is an appeal from the judgment of the Union County Common Pleas Court, which sentenced Defendant-appellant, Shane Slagle (Slagle), to eight years in prison for violating his probation.
 {¶ 2} In April 1998, Slagle was indicted on one count each of Burglary, Attempted Burglary and Vandalism. On July 1, 1998, Ingram plead guilty to each count and on August 14, 1998 was sentenced to four years in prison for burglary, three years for attempted burglary, to run consecutively to the burglary conviction, and one year in prison for the vandalism conviction to run concurrently with the burglary and attempted burglary sentences. Slagle did not appeal from these convictions or sentences. On March 8, 1999, Slagle was granted judicial release and placed on five years of community control. On December 22, 2000, Slagle appeared for a probation violation hearing wherein the trial court revoked his probation and intended to impose the original sentence. However, the trial court mistakenly stated that the vandalism charge was to run consecutively to the burglary and attempted burglary sentences.
 {¶ 3} On July 13, 2001, Slagle filed a motion for delayed appeal of his August 14, 1998 conviction, which was denied by this court. On July 27, 2001, Slagle filed a motion to "Modify and Correct Sentence." Slagle asserted that the trial court erred when it sentenced Slagle on the Vandalism conviction consecutively, rather than concurrently as was the original sentence handed down on August 14, 1998. On July 27, 2001, the trial court filed a Nunc Pro Tunc entry correcting the clerical error. On April 16, 2002, the trial court filed an amended entry of the December 22, 2000 probation revocation hearing reflecting the changes made by the Nunc Pro Tunc entry.
 {¶ 4} Slagle now appeals from the April 16, 2002 entry, asserting a single assignment of error, "THE DEFENDANT NEVER MADE AN ADMITTANCE TO THE COMMUNITY CONTROL VIOLATION THEREFORE, ACCEPTANCE, FINDING OF A VIOLATION AND SENTENCING WAS ERROR."
 {¶ 5} R.C. 2505.02(B) provides, "An order is a final order that may be reviewed, affirmed, modified or reversed, with or without retrial when * * * it affects a substantial right in an action that in effect determines the action and prevents a judgment." A substantial right is one which a defendant is entitled to protect under the Constitution, Ohio Constitution, a statute, the common law, or a rule of procedure. R.C.2505.02(A)(1). Furthermore, "it is not the name or character of an order which determines its appealability, but rather the order's effect upon the action." See State v. Shinkle (1986), 27 Ohio App.3d 54, 55-56. A defendant wishing to appeal a final order must do so within thirty days of the entry of judgment. App.R.4(A).
 {¶ 6} While Slagle contends that he can appeal the April 16, 2002, entry in which the trial court reflected the changes made by the Nunc Pro Tunc entry, we disagree. As the trial court did not increase or modify Slagle's sentence in the April 16, 2002 entry but merely reiterated the Nunc Pro Tunc, we fail to see how any of Slagle's substantial rights were affected. See also State v. Ingram (Nov. 8, 2002), Crawford App. No. 3-02-26. Consequently, this appeal in its present procedural form is not taken from a final appealable order and therefore must be dismissed for lack of jurisdiction.
Appeal dismissed.
BRYANT and WALTERS, JJ., concur.