OPINION.
{¶ 1} Appellant, Joseph J. Fatica, appeals from the March 29, 2002 judgment entry of the Geauga County Court of Common Pleas, denying his motion to vacate the imposition of court costs.
 {¶ 2} In March 1993, the Geauga County Grand Jury returned a five-count indictment against appellant, charging him with the following offenses: one count of robbery, a felony of the second degree, in violation of R.C. 2911.02(A); one count of escape, a felony of the fourth degree, in violation of R.C. 2921.34(A); one count of grand theft of a motor vehicle, a felony of the third degree, in violation of R.C.2913.02(A)(1); one count of failure to comply, a felony of the fourth degree, in violation of R.C. 2921.331(B) and (C); and one count of assault, a misdemeanor of the first degree, in violation of R.C.2903.13(A).
 {¶ 3} The facts emanating from the record are as follows: a three-day jury trial was held in May 1993, based on the foregoing charges. At the close of appellee's case, the trial court dismissed the charges of assault and failure to comply. On May 26, 1993, the jury found appellant guilty of escape, guilty of the lesser included offense of unauthorized use of a motor vehicle, and guilty of the lesser included offense of misdemeanor theft. The trial court then allowed the jury to hear evidence concerning appellant's prior conviction of aggravated burglary, and appellant was found guilty of felony theft rather than the original verdict of misdemeanor theft in the first degree.
 {¶ 4} On June 24, 1993, appellant was sentenced to two terms of three to five years for the theft and escape charges which were to be served concurrently. Appellant was also ordered to serve six months at the Geauga County Safety Center ("GCSC") for the unauthorized use of a motor vehicle charge. Appellant then filed a direct appeal which was dismissed in March 1994, for failure to prosecute because he failed to file an appellate brief. Approximately four years later, appellant filed an application to re-open the instant appeal pursuant to App.R. 26(B), which was granted in September 1998. This court reversed the trial court in regard to the felony theft charge and remanded the case with instructions to re-sentence appellant. On February 24, 2000, the trial court re-sentenced appellant on the misdemeanor theft charge to six months in the GCSC pursuant to R.C. 2913.02(A)(1). Judgment was rendered against appellant for the costs of this action pursuant to R.C. 2947.23
and 2949.09, which totaled $1631.06. Appellant did not appeal his conviction after re-sentencing.
 {¶ 5} On March 27, 2002, appellant filed a motion to waive his costs and payments pursuant to R.C. 2949.14 and 2949.19. On March 29, 2002, the trial court denied appellant's motion. It is from that judgment that appellant filed a timely notice of appeal on April 25, 2002, and makes the following assignment of error:
 {¶ 6} "The trial court erred to the prejudice of [appellant] by denying his motion to waive costs in a felony case where [appellant] was found to be indigent."
 {¶ 7} Appellant argues that pursuant to R.C. 2949.19, appellee must bear the costs and payments in a felony conviction for an indigent defendant. Appellant stresses that because he was not found to be a nonindigent defendant, the application of R.C. 2949.14 authorizing the prison cashier to collect money from his personal account in order to pay the costs of his felony conviction is unlawful.
 {¶ 8} This court agreed with the Fifth District's opinion in Statev. Payne (Dec. 20, 1999), 5th Dist. Nos. 99CAA05024, 99CAA05025, 99CAA05026, 99CAA05027, and 99CAA05028, 1999 Ohio App. LEXIS 6189, at 9, that "`(* * *) Ohio law does not forbid a trial court from imposing court costs on an indigent defendant convicted of a felony.'" State v.Pasqualone (Sept. 15, 2000), 11th Dist. No. 99-A-0044, 2000 Ohio App. LEXIS 4208, at 12, quoting Payne. "`In both criminal and civil cases, costs are taxed against certain litigants for the purpose of lightening the burden on taxpayers financing the court system. As we view it, statutory provisions for payment of court costs were not enacted to serve a punitive, retributive, or rehabilitative purpose * * *.'" Pasqualone, supra, at 12, quoting Strattman v. Studt (1969), 20 Ohio St.2d 95, 102.
 {¶ 9} According to Article IV, Section 3(B)(2), of the Ohio Constitution, an appellate court may review only the final orders of inferior courts within its district. (Emphasis added.) "The term `final order' is defined within R.C. 2505.02 where three categories of final orders exist: (1) those that affect a substantial right, determine an action, and prevent a judgment, (2) those that affect a substantial right and are made in a special proceeding or on a summary application after judgment, and (3) those that set aside a judgment and grant a new trial."Pasqualone, supra, at 5-6, citing Chef Italiano Corp. v. Kent StateUniv. (1989), 44 Ohio St.3d 86, 87-88. R.C. 2505.02 is applicable to both criminal and civil proceedings. Pasqualone at 6, citing State v. Crago
(1990), 53 Ohio St.3d 243, 244-245.
 {¶ 10} Pursuant to R.C. 2505.02(A)(1), a "substantial right" is "a right that the United States Constitution, the Ohio Constitution, a statute, the common law, or a rule of procedure [that] entitles a person to enforce or protect." Several cases have held that the denial of a post-conviction motion to suspend court costs does not affect a substantial right and is not a final appealable order. Pasqualone, supra; State v. Evans (Sept. 14, 1999), 4th Dist. No. 99CA2650, 1999 Ohio App. LEXIS 4331; State v. Arnett (Feb. 22, 1996), 3d Dist. No. 17-95-25, 1996 Ohio App. LEXIS 996; State v. Shinkle (1986), 27 Ohio App.3d 54. It is well-settled that a final appealable order is required before there can be a basis for an appeal. Pasqualone at 7. "`[I]f there is no final judgment or other type of final order, then there is no reviewable decision over which an appellate court can exercise jurisdiction, and the matter must be dismissed.'" Id. at 8, quoting BCGS, L.L.C. v. Raab (July 17, 1998), 11th Dist. No. 98-L-041, 1998 Ohio App. LEXIS 6584, at 3-4.
 {¶ 11} Theories of res judicata are used to prevent relitigation of issues already decided by a court or matters that should have been brought as part of a previous action. "[A] valid, final judgment rendered upon the merits bars all subsequent actions based upon any claims arising out of the transaction or occurrence that was the subject matter of the previous action." Grava v. Parkman Twp. (1995), 73 Ohio St.3d 379, 382. Res judicata "applies to extinguish a claim by the plaintiff against the defendant even though plaintiff is prepared in the second action (1) [t]opresent evidence or theories of the case not presented in the firstaction, or (2) [t]o seek remedies or forms of relief not demanded in thefirst action." (Emphasis sic.) Id. at 383.
 {¶ 12} In the case at bar, it is evident from the record that appellant is attempting to attack his sentence collaterally by appealing the denial of his motion to vacate the imposition of court costs. In 1993, appellant was sentenced to prison and ordered to pay court costs. In 1998, appellant appealed his sentence and the case was remanded. In 2000, the trial court re-sentenced appellant. However, appellant was still required to pay for court costs and did not appeal after re-sentencing. On March 27, 2002, appellant filed a motion to waive his costs and payments, which was denied by the trial court on March 29, 2002. Because the denial of his motion was not an order affecting a substantial right, the order was not a final order.
 {¶ 13} We conclude that the judgment of the trial court denying appellant's motion to vacate costs is not a final appealable order under R.C. 2505.02. Therefore, we accordingly dismiss appellant's appeal for want of jurisdiction. Even if we assume arguendo that the trial court's decision is a final appealable order, appellant's claim is still barred by the doctrine of res judicata. Based on Pasqualone, supra, because the alleged error existed on direct appeal, appellant should have raised this argument at that time. Since appellant failed to do so, he is barred from raising this issue now.
 {¶ 14} For the foregoing reasons, we dismiss the appeal for lack of a final appealable order.
JUDITH A. CHRISTLEY and CYNTHIA WESTCOTT RICE, JJ., concur.