JOURNAL ENTRY AND OPINION
{¶ 1} Defendant-appellant, Michael Senk, appeals from a July 7, 2006 judgment of the Cuyahoga County Court of Common Pleas denying his motion to correct improper sentence. For the reasons that follow, we dismiss the appeal.
 {¶ 2} In May 1999, Senk was indicted by the Cuyahoga County Grand Jury on one count of domestic violence, in violation of R.C. 2919.25, a felony due to a prior domestic violence conviction. He pled guilty to an amended charge of misdemeanor domestic violence.
 {¶ 3} The trial court sentenced Senk on February 25, 2000. It ordered him to serve six months in prison for the misdemeanor domestic violence conviction, and *Page 2 
ordered that sentence be served consecutive to the prison terms imposed in two other felony cases, Case Nos. CR 380428 and CR 380982. Senk did not directly appeal his conviction or his sentence.
 {¶ 4} Senk filed a motion to correct improper sentence in the trial court on June 6, 2006. In it, he alleged that it was improper for the trial court to order that his misdemeanor sentence be served consecutive to his felony sentences in the other two cases. On July 7, 2006, the trial court denied Senk's motion.
 {¶ 5} It is from the July 7, 2006 judgment that Senk timely appealed, raising a single assignment of error:
 {¶ 6} "The court prejudicially erred, ignored a manifest injustice, and abused its discretion by denying defendant/appellant's motion to correct improper sentence
 {¶ 7} Before this court can get to the merits of Senk's appeal, we must determine as a threshold matter whether the July 7, 2006 judgment is a final appealable order. For the reasons that follow, we conclude that it is not a final appealable order.
 {¶ 8} R.C. 2502.02 provides in pertinent part:
 {¶ 9} "(B) An order is a final order that may be reviewed, affirmed, modified, or reversed, with or without retrial, when it is one of the following:
 {¶ 10} "(1) An order that affects a substantial right in an action that in effect determines the action and prevents a judgment[.]" *Page 3 
 {¶ 11} "For purposes of appeal in a criminal case, a final judgment or order amounting to a disposition of the cause usually means the imposition of a sentence." State v. Shinkle (1986), 27 Ohio App.3d 54,55, citing State v. Eberhardt 1978), 56 Ohio App.2d 193 and State v.Janney (1977), 55 Ohio App.2d 257. App.R. 4(B) sets forth the time to appeal; i.e., "* * * within thirty days of the later of entry of the judgment or order appealed."
 {¶ 12} The trial court's order sentencing Senk was journalized on February 25, 2000. Senk had thirty days to appeal that order. He failed to do so, and thus, his time for direct appeal lapsed. The order he is now appealing is the trial court's denial of his motion to correct his sentence that was imposed more than six years ago.
 {¶ 13} In Shinkle, supra, the Twelfth District Court of Appeals held that the trial court's order denying Shinkle's motion to vacate and correct his sentence was not a final appealable order. In that case, Shinkle did not directly appeal his conviction or sentence. Over a year later, he filed a motion requesting the trial court to vacate the sentence or to modify the sentence.
 {¶ 14} The Twelfth District stated that if Shinkle's substantial rights were violated, it was when he was sentenced, not when the court denied the motion. Id. at 56. Therefore, the appellate court found no final appealable order, reasoning that the trial court's order denying appellant's motion "did not affect a substantial right and determine the action." Id. Furthermore, the court posited that "the constant *Page 4 
clamour [sic] for appellate review raised by such motions could effectively stymie and impede the execution and enforcement of criminal sentences and judgments." Id.
 {¶ 15} In State v. Arnett (Feb. 22, 1996), 3d Dist. No. 17-95-25, 1996 Ohio App. LEXIS 996, the Third District held that the trial court's denial of Arnett's two motions to modify his sentence was not a final appealable order. Id. at 3. In a brief opinion, the appellate court relied on Shinkle and stated, "Arnett, some thirteen months after his sentencing, is attempting to attack his sentence collaterally by appealing the denial of these two motions." Id.
 {¶ 16} In State v. Kuttie (Mar. 8, 2002), 7th Dist. No. 01-538-CA, 2002 Ohio App. LEXIS 1029, the court held that the trial court's denial of the appellant's motion to vacate fines was not a final appealable order. Id. at 1. The Seventh District stated, "[although it may be argued that Kuttie's substantial rights are being affected, these substantial rights existed on direct appeal." Id. at 8.
 {¶ 17} More recently, in State v. Lemaster, 4th Dist. No. 02CA20, 2003-Ohio-4557, the Fourth District dismissed the appeal because the trial court's order denying Lemaster's motion to correct his sentence was not a final appealable order. Id. at _26. The court stated, "[i]f Lemaster's substantial rights were in fact ever violated, the violation occurred at the trial court's order of conviction and sentencing. He should have raised all arguments concerning his sentence on his direct appeal to this Court from the trial court's imposition of sentence on March 18, 1996. He *Page 5 
failed to do so." Id. at _25. The court further reasoned, "[w]ere we to find a final appealable order in this instance, and entertain Lemaster's assignments of error, we would open our doors to piecemeal litigation, where defendants continuously file post-conviction motions that raise separate arguments concerning different aspects of their sentence." Id. at _26.
 {¶ 18} In the case sub judice, it is evident that Senk is attempting to attack his sentence collaterally by appealing the trial court's denial of his motion to correct sentence. We conclude that the judgment of the trial court, which Senk is appealing, is not a final appealable order. Therefore, we dismiss Senk's appeal for want of jurisdiction.
It is ordered that appellee recover from appellant costs herein taxed.
The court finds there were not reasonable grounds for this appeal.
It is ordered that a special mandate issue out of this court directing the common pleas court to carry this judgment into execution.
A certified copy of this entry shall constitute the mandate pursuant to Rule 27 of the Rules of Appellate Procedure.
 PATRICIA A. BLACKMON, P.J. and MELODY J. STEWART, J., CONCUR. *Page 1