MEMORANDUM OPINION
{¶ 1} This matter is before this court on appeal from a judgment of the Girard Municipal Court filed April 7, 2008. In the judgment, the court denied appellant's "application for discharge from payment of fine and/or costs."
 {¶ 2} According to Article IV, Section 3(B)(2), of the Ohio Constitution, an appellate court may review only the final orders of inferior courts within its district. R.C. 2505.02 sets out five categories of final orders. Out of those five categories, the following two are relevant to the present case: *Page 2 
 {¶ 3} "(1) An order that affects a substantial right in an action that in effect determines the action and prevents a judgment;
 {¶ 4} "(2) An order that affects a substantial right made in a special proceeding or upon a summary application in an action after judgment."
 {¶ 5} A final order in a criminal case generally means the sentencing judgment. State v. Shinkle (1986), 27 Ohio App.3d 54, 55.
 {¶ 6} Ohio courts have consistently held that the denial of a motion to vacate costs is not a final appealable order under R.C. 2505.02.State v. Senk, 8th Dist. No. 88524, 2007-Ohio-3414, 2007 Ohio App. LEXIS 3172; State v. Fatica, 11th Dist. No. 2002-G-2434, 2003-Ohio-4359,2003 WL 21961446; State v. Pasqualone (2000), 140 Ohio App.3d 650; State v.Spring (July 21, 2000), 11th Dist. Nos. 99-A-0028 and 99-A-0029, 2000 Ohio App. LEXIS 3286.
 {¶ 7} In the present case, on May 31, 2006, appellant was convicted of receiving stolen property, and was ordered to pay a $100 fine and serve twenty-one days in jail, to be served concurrent with the sentence he was serving at the North Coast Correctional Treatment Facility. In addition, appellant was taxed $620 for costs. No appeal was taken from that judgment. Instead, on April 4, 2008, appellant filed his "application for discharge from payment of fine and/or costs" essentially requesting that the trial court suspend or vacate costs of this case. On April 7, 2008, the trial court denied the motion. It is from that judgment that appellant presently appeals to this court.
 {¶ 8} The filing of appellant's application and request to vacate or suspend costs of the proceedings did not extend the time to file an appeal from the May 31, 2006 *Page 3 
sentencing order. Stated differently, appellant cannot collaterally attack the sentencing order to pay costs through an appeal from the denial of his application for discharge from payment of fines/or costs. Appellant's time to appeal the May 31, 2006 judgment has elapsed, and since the denial of his application did not affect a substantial right, the April 7, 2008 judgment is not a final appealable order.Fatica, supra.
 {¶ 9} Accordingly, the appeal is hereby dismissed for lack of a final appealable order.
 {¶ 10} Appeal dismissed.
DIANE V. GRENDELL, P.J.,
 CYNTHIA WESTCOTT RICE, J., concur. *Page 1