OPINION
{¶ 1} Defendant/Appellant Kevin L. Young (hereafter Appellant) appeals from the decision of the Montgomery County Court of Common Pleas denying his motion to modify sentencing.
 {¶ 2} Appellant was convicted in 2002 of raping a 15 year old acquaintance. The trial court sentenced Appellant to a five year sentence, two years above the statutory minimum. Appellant appealed, alleging four assignments of error concerning the evidence presented at Appellant's trial. This Court found such assignments to be meritless and affirmed his conviction in 2003.
 {¶ 3} Appellant filed a pro se motion to reopen his appeal on November 12, 2003. Appellant alleged ineffective assistance of appellate counsel due to appellate counsel's failure to assert that trial counsel was ineffective for failing to request jury instructions on lesser included offenses. This Court found that Appellant's testimony at trial precluded lesser included offenses, and as such trial counsel was not ineffective for failing to make that request. Appellant filed a notice of appeal to the Ohio Supreme Court alleging that his case involved questions of constitutional significance and general public interest. The Ohio Supreme Court disagreed and declined to hear his appeal on February 4, 2004.
 {¶ 4} On June 15, 2004, Appellant filed a pro se motion to modify his sentence in the trial court, arguing that the trial court erred when it sentenced Appellant to more prison time than the statutory minimum sentence. Appellant argued that because he was a first time offender he should have been given the statutory minimum prison sentence. Appellee State of Ohio (hereafter State) filed a motion in opposition on June 28, 2004, arguing that the record reflected that the trial court had made the proper findings under R.C. 2929.14(B) to rebut the presumption that a minimum sentence should be imposed in Appellant's case. Specifically, the State argued that the trial court's finding that giving Appellant the minimum sentence would diminish the seriousness of the crime based on the difference in age and size between the victim and Appellant allowed the trial court to impose a greater than minimum sentence on a first time offender. Appellant filed a reply motion on July 15, 2004. The trial court overruled Appellant's motion on November 19, 2004. Appellant filed a timely notice of appeal.
 {¶ 5} Appellant filed a merit brief alleging two assignments of error, both of which essentially allege that the trial court abused its discretion when it sentenced Appellant to a sentence above the statutory minimum. We must affirm the trial court's judgment for two reasons.
 {¶ 6} A trial court has no authority to reconsider its own valid final judgments. State v. Krymow (Sept. 1, 2000), Montgomery App. Nos. 18138, 97-CR-3037, 98-CR-0554, citing Brook Park v. Necak (1986),30 Ohio App.3d 118, 120, 506 N.E.2d 936. Once a defendant's incarceration begins, the trial court no longer has the authority to amend or modify the defendant's sentence. State v. Garretson (2000),140 Ohio App.3d 554, 558-559, 748 N.E.2d 560. A motion to modify a sentence after it has begun is akin to a motion for reconsideration after a final appealable order has been rendered. A defendant does not have a substantial right to a modification of a previously imposed sentence.State v. Lemaster (May 8, 2003), Pickaway App. No. 02CA20, 2003-Ohio-4557. If a defendant's rights were ever violated by their sentence, the violation occurs at the time of sentencing, not at the time a motion to modify the sentence is denied. State v. Shinkle (1986),27 Ohio App.3d at 54, 55, 499 N.E.2d 402.
 {¶ 7} Appellant was sent to prison to begin his sentence in 2002. After that point, the trial court no longer had the authority to change the amount of time Appellant would spend in prison.
 {¶ 8} Second, this Court notes that Appellant's present appeal is barred by res judicata. The doctrine of res judicata bars a criminal defendant from raising and litigating in any proceedings any defense or claimed lack of due process that was raised or could have been raised on direct appeal from the conviction. State v. Szefcyk (1996),77 Ohio St.3d 93, 94, 671 N.E.2d 233, 1996-Ohio-337, citing State v.Perry (1967), 10 Ohio St.2d 175, 177, 226 N.E.2d 104; State v. Murnahan
(1992), 63 Ohio St.3d 60, 62, 584 N.E.2d 1204. Res judicata applies to the litigation of any post conviction issues which were or could have been litigated on direct appeal. State v. Cole (1982), 2 Ohio St.3d 112,113, 443 N.E.2d 169.
 {¶ 9} Appellant had the opportunity on direct appeal to assert any alleged sentencing errors but failed to do so. Appellant has failed to assert any reason why applying the doctrine of res judicata would be unjust in his case. As such, the judgment of the trial court must be Affirmed.
Fain, J., and Grady, J., concur.