[Cite as *State v. Kaiser*, 2010-Ohio-4616.]

IN THE COURT OF APPEALS OF OHIO
FOURTH APPELLATE DISTRICT
LAWRENCE COUNTY

STATE OF OHIO, :
  :
    Plaintiff-Appellee, : Case No: 10CA1
  :
    v. :
  : **DECISION AND**
J. STEWART KAISER, : **JUDGMENT ENTRY**
  :
    Defendant-Appellant. : File-stamped date:  9-23-10

_____

**APPEARANCES:**

Craig A. Allen, Ironton, Ohio, for Appellant.

Robert A. Cassity, Portsmouth, Ohio, for Appellee.

_____

Kline, J.:

**{¶1}**     J. Stewart Kaiser (hereinafter "Kaiser") appeals the judgment of the Lawrence County Court of Common Pleas, which sentenced Kaiser to probation pursuant to a plea agreement.  On appeal, Kaiser raises various arguments related to the terms of his probation.  However, we do not have jurisdiction to consider Kaiser's arguments because (1) his appeal is untimely and (2) Kaiser has not appealed from a final appealable order.  Accordingly, we dismiss this appeal for lack of jurisdiction.

I.

**{¶2}**     On August 14, 2009, Kaiser and the Lawrence County Prosecutor reached the following plea agreement: "Defendant, shall plead guilty to a Bill of Information, charging him with three counts of Endangering Children, [R.C.] 2919.22(A).  In return for

this plea the Defendant shall be sentenced to six months on each count concurrently. The six month sentence shall be suspended. The Defendant shall be placed on probation for a period of three years subject to the terms of the Court.

**{¶3}** "The Defendant shall have no contact with [the] minor child during the probationary period except for contact in a public place or contact with the natural parent."

**{¶4}** Kaiser then pled guilty to three counts of endangering children, and the trial court sentenced Kaiser pursuant to the plea agreement. The trial court entered its judgment of conviction on September 17, 2009. The judgment of conviction states that "[t]he term[] of incarceration as imposed against Defendant herein is hereby suspended, and Defendant is Ordered to serve a term of probation for a period of three (3) years.

**{¶5}** "In addition to the regular terms and conditions of probation, Defendant is Ordered to have no contact with the minor child involved herein during the term of probation, except for contact in a public place and/or contact with the natural parent."

**{¶6}** The judges of the Lawrence County Common Pleas Court have approved twenty-eight (28) general terms of probation (hereinafter the "General Terms"). Apparently, the General Terms apply to all probationers sentenced by the Lawrence County Common Pleas Court, regardless of the probationers' individual crimes. On September 24, 2009, Kaiser visited the Lawrence County probation office to sign his Conditions of Community Control Sanctions form (hereinafter the "Sanctions Form"). The Sanctions Form lists the General Terms of probation, but Kaiser objected to the terms related to alcohol consumption and firearms possession. Subsequently, Kaiser signed a modified Sanctions Form that (1) eliminated the firearms restriction and (2)

changed the language relating to alcohol consumption.  (Hereinafter, we will refer to this particular form as the "Modified Sanctions Form.")  An administrative assistant in the probation department witnessed Kaiser's signature on the Modified Sanctions Form.

{¶7}      Kaiser apparently believed that the terms in the Modified Sanctions Form would apply to him.  But on October 1, 2009, the probation department informed Kaiser that he would be subjected to all of the General Terms, including the terms related to alcohol consumption and firearms possession.  Kaiser then refused to sign an unaltered Sanctions Form; that is, he would not sign a Sanctions Form listing all of the General Terms.  Subsequently, on October 7, 2009, Kaiser filed a motion asking the trial court to adopt the terms in the Modified Sanctions Form.

{¶8}      The trial court set a hearing date of December 11, 2009 for Kaiser's motion.  But on December 11, 2009, just before the scheduled hearing, Kaiser filed the following motion: "Now comes the defendant and moves this court to set the conditions of probation in accord with the law of Ohio[] and allow the defendant to serve his probation on unsupervised probation.  The [October 7, 2009] motion previously filed is moot."  As a result, the trial court considered Kaiser's second motion at the December 11, 2009 hearing.

{¶9}      In a December 15, 2009 decision, the trial court denied Kaiser's "motion to adopt new conditions" of probation.  The trial court found that "the standard conditions of probation previously adopted by the Lawrence County Court of Common Pleas are applicable to the defendant in this case.  The defendant must agree to those conditions to comply with the requirements of his period of probation.  The motion to adopt new conditions is overruled."  December 15, 2009 Decision at 3.

{¶10}    Kaiser filed his notice of appeal on January 12, 2010.  He appeals from the trial court's December 15, 2009 decision and asserts the following four assignments of error: I. "Appellant contends that one set of conditions of probation for all felonies and misdemeanors is unlawful."  II. "Appellant contends some of the rules of probation of the Department of Corrections of Lawrence County, Ohio are unconstitutional and unlawful."  III. "Appellant contends that it is unlawful to allow the Department of Corrections to propound the rules of probation."  And, IV. "Appellant contends that probation began when the judgment entry was recorded and not when the defendant signed the second set of probation rules."

II.

{¶11}    Before we may consider the merits of Kaiser's arguments, we must first address two jurisdictional issues.  Those are, (1) whether Kaiser's appeal is timely and/or (2) whether Kaiser appealed from a final appealable order.

A.

{¶12}    "The time for filing a notice of appeal is governed by App.R. 4 and, pursuant to App.R. 14(B), a court may not enlarge the time for filing a notice of appeal." *State v. Thacker*, Lawrence App. No. 02CA35, 2002-Ohio-7443, at ¶3, citing *Ross v. Harden* (1982), 8 Ohio App.3d 34.  "If a party fails to file a notice of appeal within thirty days as required by App.R. 4(A), we do not have jurisdiction to entertain the appeal.  The timely filing of a notice of appeal under this rule is a jurisdictional prerequisite to our review." *Hughes v. A & A Auto Sales, Inc.*, Lawrence App. No. 08CA35, 2009-Ohio-2278, at ¶7. See, also, *State v. Cremeens*, Vinton App. No. 06CA646, 2006-Ohio-7092, at ¶6;

*Thacker* at ¶3; *State v. Sides*, Lake App. No. 2008-L-145, 2008-Ohio-6058, at ¶6; *State v. Sturkey*, Muskingum App. No. CT2006-0087, 2007-Ohio-5701, at ¶21.

**{¶13}** "Journalization of the judgment of conviction pursuant to Crim.R. 32(C) starts the 30-day appellate clock ticking." *State v. Baker*, 119 Ohio St.3d 197, 2008-Ohio-3330, at ¶10 (citations omitted). In the proceedings below, the trial court entered Kaiser's judgment of conviction on September 17, 2009. Furthermore, Kaiser's judgment of conviction is final and appealable because it sets forth (1) Kaiser's guilty plea; (2) Kaiser's sentence; (3) the judge's signature; and (4) entry on the journal by the Lawrence County clerk of court. See id. at syllabus (explaining Crim.R. 32(C)). Therefore, Kaiser's appellate clock started ticking on September 17, 2009.

**{¶14}** Because Kaiser filed his notice of appeal on January 12, 2010, we find that this appeal is untimely. The Fifth Appellate District reached a similar conclusion in *State v. Meldrum* (Apr. 15, 2002), Stark App. No. 2001CA00289. In *Meldrum*, the defendant was convicted of two misdemeanors on January 26, 2001. The trial court's judgment of conviction included the following conditions of probation: "Defendant shall not enter any school district properties/school yards, athletic or sports fields in any 7 seven school districts covered by this Court's jurisdiction for 5 yrs." Id. On August 9, 2001, the defendant in *Meldrum* filed a motion to modify the conditions of probation, which the trial court denied.

**{¶15}** On appeal, the Fifth Appellate District found that it lacked jurisdiction to consider the *Meldrum* defendant's arguments. The court stated that "'[t]he appropriate time to challenge the conditions of probation is immediately after they are imposed. An order suspending the imposition of the sentence and placing the defendant on probation

is a final order.  R.C. 2951.10; *State v. Fair* (June 13, 1990), Summit App. No. 14343, unreported, at 4.  Because such an order is final and, therefore, appealable, it must be appealed within thirty days of its entry.  App.R. 4(A).  Inasmuch as defendant failed to timely appeal from the imposition of probation, this court lacks jurisdiction to now consider this issue.' * * * Therefore, as the trial court's August 23, 2001 judgment entry denying the motion to modify sentence made no changes to the pre-existing probation conditions, we find that the present argument is merely an untimely attempt to challenge prior orders of the trial court."  *Meldrum*, quoting *State v. Frambach* (Mar. 17, 1993), Lorain App. No. 92CA005395.  See, also, *State v. Mason*, Franklin App. No. 01AP-847, 2002-Ohio-2803, at ¶19 ("Defendant's failure to challenge the condition of probation via an appeal of the [judgment of conviction] prevents consideration of the matter in the present appeal."); cf. *State v. Young*, Montgomery App. No. 20813, 2005-Ohio-5584, at ¶6 ("If a defendant's rights were ever violated by [a] sentence, the violation occurs at the time of sentencing, not at the time a motion to modify the sentence is denied.").

**{¶16}**     In the present case, Kaiser is attempting to challenge the General Terms of probation.  The judges of the Lawrence County Common Pleas Court approved the General Terms, and the General Terms apply to all probationers sentenced by that court.  Here, Kaiser's judgment of conviction states that he is subject to "the regular terms and conditions of probation."  Therefore, Kaiser became subject to the General Terms when the trial court entered its judgment of conviction.  The trial court's December 15, 2009 decision made no changes to Kaiser's probation, and "the filing of a motion to modify a sentence does not extend the time for filing a direct appeal[.]"  *State v. Chadwick* (Feb. 1, 1994), Franklin App. Nos. 93APA08-1207 & 93APA09-1243; see,

also, *State v. Reigelsperger* (Mar. 29, 1996), Clark App. No. 95-CA-90. Thus, on appeal, Kaiser is actually challenging the September 17, 2009 judgment of conviction. We agree with the reasoning in *Meldrum* and find that Kaiser's appeal is untimely.

**{¶17}** Finally, we note that Kaiser filed his first motion on October 7, 2009, which was well within the time limit for an appeal. See App.R. 4(A). Therefore, Kaiser cannot argue that he learned of the conditions of his probation only after the time for an appeal had passed.

**{¶18}** Accordingly, for the foregoing reasons, we find that Kaiser's appeal is untimely.

B.

**{¶19}** We also find that the trial court's December 15, 2009 decision is not a final appealable order because the decision does not affect Kaiser's substantial rights. Under Ohio law, appellate courts have jurisdiction to review the final orders or judgments of the inferior courts in their district. See Section 3(B)(2), Article IV, Ohio Constitution; R.C. 2505.03(A); R.C. 2953.02. If an order is not final and appealable, then an appellate court has no jurisdiction to review the matter and must dismiss the appeal. See *Gen. Acc. Ins. Co. v. Ins. Co. of N. Am.* (1989), 44 Ohio St.3d 17, 20; *State v. Taylor*, Highland App. No. 09CA23, 2010-Ohio-1606, at ¶5; *State v. Lupardus*, Washington App. No. 07CA46, 2008-Ohio-2660, at ¶4. In the event that the parties to the appeal do not raise this jurisdictional issue, the reviewing court must raise it sua sponte. See *In re Murray* (1990), 52 Ohio St.3d 155, 159, fn. 2; *Chef Italiano Corp. v. Kent State Univ.* (1989), 44 Ohio St.3d 86, 87; *Whitaker-Merrell v. Geupel Constr. Co.* (1972), 29 Ohio St.2d 184, 186; *Taylor* at ¶5; *Lupardus* at ¶4. "As in civil proceedings, a

criminal case requires a final judgment or order before there is a basis for appeal."
*State v. Lemaster*, Pickaway App. No. 02CA20, 2003-Ohio-4557, at ¶14.

{¶20}     In *Lemaster*, we found that an order denying the defendant's motion to "correct and/or modify sentence" was not a final appealable order.  The trial court in *Lemaster* entered a judgment of conviction on March 18, 1996, but the defendant did not file his motion to correct and/or modify sentence until July 1, 2002.  After the trial court denied the *Lemaster* defendant's motion, this court found that we did not have jurisdiction to review the defendant's appeal.  Initially, we noted that "[a] final appealable order includes an order which amounts to a disposition of the cause and which affects a substantial right in an action which in effect determines the action and prevents a judgment."  Id. (internal quotation omitted).  Then, after reviewing similar cases, we stated the following: "[The defendant] is asking us to review his sentence by reviewing the trial court's denial of his motion.  However, the trial court's denial of this motion did not affect [the defendant's] substantial rights and determine the action.  If [the defendant's] substantial rights were in fact ever violated, the violation occurred at the trial court's order of conviction and sentencing.  He should have raised all arguments concerning his sentence on his direct appeal to this Court from the trial court's imposition of sentence on March 18, 1996.  He failed to do so."  Id. at ¶25.  As a result, we dismissed the appeal for lack of a final appealable order.

{¶21}     In similar situations, other courts have found that the appealed-from orders were not final and appealable.  See, e.g., *State v. Senk*, Cuyahoga App. No. 88524, 2007-Ohio-3414, at ¶18 ("[I]t is evident that [the defendant] is attempting to attack his sentence collaterally by appealing the trial court's denial of his motion to correct

sentence. We conclude that the judgment of the trial court, which [the defendant] is appealing, is not a final appealable order."); *State v. Vanelli*, Wayne App. No. 02CA0066, 2003-Ohio-2717, at ¶9 ("The November 15, 2001 judgment entry was final and appealable, yet Appellant failed to timely appeal from that order. Appellant has filed a notice of appeal from a judgment on a motion to reconsider. Such a judgment is a nullity and is not a final, appealable order."); *State v. Tully*, Stark App. No. 2001 CA 00313, 2002-Ohio-1290 (finding that appellant's substantial rights were not affected because "[n]othing changed by virtue of the [trial court's] order"); *State v. Arnett* (Feb. 22, 1996), Shelby App. No. 17-95-25 (finding that the trial court's denial of a motion to modify sentence was not a final appealable order); *State v. Shinkle* (1986), 27 Ohio App.3d 54, at 55 ("For purposes of appeal in a criminal case, a final judgment or order amounting to a disposition of the cause usually means the imposition of a sentence.").

**{¶22}** Here, the trial court's December 15, 2009 decision did not affect Kaiser's substantial rights. "A defendant does not have a substantial right to a modification of a previously imposed sentence." *Young*, 2005-Ohio-5584, at ¶6. Furthermore, nothing changed as a result of the December 15, 2009 decision. Prior to the decision, the General Terms applied to Kaiser. And after the decision, the General Terms continued to apply to Kaiser. See *Tully*. If Kaiser's substantial rights were ever violated, the violation occurred as a result of the September 17, 2009 judgment of conviction. "Were we to find a final appealable order in this instance, and entertain [Kaiser's] assignments of error, we would open our doors to piecemeal litigation, where defendants continuously file post-conviction motions that raise separate arguments concerning different aspects of their sentence[s]. * * * This type of piecemeal litigation 'effectively

stymie[s] and impede[s] the execution and enforcement of criminal sentences and judgments.'" *Lemaster* at ¶26, quoting *Shinkle* at 56.

**{¶23}** Accordingly, for the foregoing reasons, we find that the December 15, 2009 decision is not a final appealable order.

C.

**{¶24}** Finally, Kaiser's appeal may be timely, and the trial court's December 15, 2009 decision may be final and appealable, *if* we were to interpret the present case as a petition for postconviction relief. However, we cannot interpret this case in such a manner. "Where a criminal defendant, subsequent to his or her direct appeal, files a motion seeking vacation or correction of his or her sentence on the basis that his or her constitutional rights have been violated, such a motion is a petition for postconviction relief as defined in R.C. 2953.21." *State v. Reynolds*, 79 Ohio St.3d 158, syllabus, 1997-Ohio-304. Here, Kaiser did not file a direct appeal of the September 17, 2009 judgment of conviction. Therefore, the *Reynolds* syllabus does not apply because Kaiser did not file any motions subsequent to a direct appeal.

**{¶25}** Some courts have extended *Reynolds* in certain instances, holding that "[w]hen a criminal defendant files a motion to vacate or modify a sentence * * * *subsequent to the expiration of the time for his direct appeal* * * * the motion is, in actuality, a petition for postconviction relief." *State v. Young*, Erie App. No. E-08-041, 2009-Ohio-1118, at ¶16 (emphasis added). See, also, *State v. Cataraso*, Ross App. No. 01CA2636, 2002-Ohio-3211, at ¶14; *State v. Reynolds*, Franklin App. No. 06AP-1006, 2007-Ohio-2189, at ¶6; *State v. Cale* (Mar. 23, 2001), Lake App. No. 2000-L-034; *State v. Harrison* (July 17, 2000), Warren App. No. CA99-07-077.

**{¶26}** Here, we believe it would be inappropriate to apply an extended version of *Reynolds* to the present case. Kaiser filed his first motion within the thirty-day time limit in App.R. 4(A). We recognize that Kaiser filed his second motion on December 11, 2009, which was subsequent to the expiration of time for a direct appeal. However, we interpret the December 11, 2009 motion as a mere supplement to, or continuation of, the October 7, 2009 motion. The trial court had scheduled a hearing date for the October 7, 2009 motion, and Kaiser filed his second motion just before that hearing was to commence. At the hearing, the trial court judge "opened the file and * * * was sort of caught unaware" by the December 11, 2009 motion. Transcript at 2. And the prosecutor was "just handed [the December 11, 2009] motion" upon entering the courtroom. Id. at 3. As such, Kaiser did not obtain a hearing based on the December 11, 2009 motion. Instead, he merely changed his argument just prior to the previously scheduled hearing. Because the trial court's actions were essentially a result of the October 7, 2009 motion, which Kaiser filed before the expiration of time for a direct appeal, we choose not to apply an extended version of *Reynolds*.

D.

**{¶27}** In conclusion, we find (1) that Kaiser's appeal is untimely and (2) that the December 15, 2009 decision is not a final appealable order. Accordingly, we dismiss this appeal for lack of jurisdiction. However, we note that Kaiser may have an avenue of appeal from the judgment of conviction pursuant to App.R. 5(A). See *Thacker* at ¶4.

**APPEAL DISMISSED.**

## <u>JUDGMENT ENTRY</u>

It is ordered that the APPEAL BE DISMISSED.  Appellant shall pay the costs herein taxed.

The Court finds there were reasonable grounds for this appeal.

It is ordered that a special mandate issue out of this Court directing the Lawrence County Common Pleas Court to carry this judgment into execution.

A certified copy of this entry shall constitute the mandate pursuant to Rule 27 of the Rules of Appellate Procedure.  Exceptions.

Abele, J.:  Concurs in Judgment and Opinion.
McFarland, P.J.:  Concurs in Judgment Only.

For the Court

BY:_____
     Roger L. Kline, Judge

## NOTICE TO COUNSEL

**Pursuant to Local Rule No. 14, this document constitutes a final judgment entry and the time period for further appeal commences from the date of filing with the clerk.**