[Cite as *State v. Sowards*, 2011-Ohio-1660.]

IN THE COURT OF APPEALS OF OHIO
FOURTH APPELLATE DISTRICT
GALLIA COUNTY

| | | |
|---|---|---|
| STATE OF OHIO, | : | |
| Plaintiff-Appellee, | : | Case No. 09CA8 |
| vs. | : | |
| WILLIAM S. SOWARDS, | : | DECISION AND JUDGMENT ENTRY |
| Defendant-Appellant. | : | |

_____

APPEARANCES:

COUNSEL FOR APPELLANT:     Jeffery L. Finley, 431 Second Avenue, P.O. Box 351,
                          Gallipolis, Ohio 45631[1]

COUNSEL FOR APPELLEE:      C. Jeffrey Adkins, Gallia County Prosecuting Attorney, and
                          Eric R. Mulford and Pat Story, Gallia County Assistant
                          Prosecuting Attorneys, 18 Locust Street, Gallipolis, Ohio
                          45631

_____

CRIMINAL APPEAL FROM COMMON PLEAS COURT
DATE JOURNALIZED: 3-31-11

ABELE, J.

{¶ 1}   This is an appeal from a Gallia County Common Pleas Court judgment that overruled a motion filed by William S. Sowards, defendant below and appellant herein, to "vacate" his eight year prison sentence.

{¶ 2}   Appellant assigns the following errors for review:

---

[1] Different counsel represented appellant during his first appeal of right.

FIRST ASSIGNMENT OF ERROR:

"THE TRIAL COURT ERRED TO THE PREJUDICE OF THE
DEFENDANT-APPELLANT BY DENYING HIS MOTION TO
VACATE SENTENCE WHEREAS THE VERDICT FORM
SIGNED BY THE JURY FAILED TO INCLUDE THE DEGREE
OF THE OFFENSE FOR WHICH THE DEFENDANT WAS
CONVICTED NOR DID IT CONTAIN A STATEMENT THAT
AN AGGRAVATING ELEMENT HAD BEEN FOUND.   AS A
RESULT THE DEFENDANT-APPELLANT WAS
UNLAWFULLY SENTENCED."

SECOND ASSIGNMENT OF ERROR:

"THE DEFENDANT-APPELLANT WAS DENIED HIS
CONSTITUTIONAL RIGHT TO EFFECTIVE ASSISTANCE OF
COUNSEL AS GUARANTEED TO HIM UNDER THE SIXTH
AND FOURTEENTH AMENDMENTS TO THE UNITED
STATES CONSTITUTION AND THE OHIO CONSTITUTION."

{¶ 3} On April 12, 2006, the Gallia County Grand Jury returned an indictment charging appellant with possession of marijuana in violation of R.C. 2925.11(A), possession of cocaine in violation of R.C. 2925.11(A), and having weapons while under a disability in violation of R.C. 2923.13(A)(3).   Appellant pled not guilty to all offenses.   The jury found appellant guilty on the marijuana possession charge, but acquitted him on the cocaine possession and firearm charges. On November 30, 2006, the trial court sentenced appellant to serve eight years in prison.   We affirmed appellant's conviction.   See State v. Sowards, Gallia App. No. 06CA13, 2007-Ohio-4863 (Sowards I).   Subsequently, the Ohio Supreme Court declined to hear any further appeal, as did the United States Supreme Court.   See State v. Sowards, 116 Ohio St.3d 1508, 880 N.E.2d 484, 2008-Ohio-381, and   Sowards v. State (2008), ___ U.S. ___, 129 S.Ct. 69, 172 L.Ed.2d 26.

{¶ 4} On November 12, 2008, appellant filed the instant motion to "vacate" his

sentence.   The basis for his motion is the recent Ohio Supreme Court decision in State v. Pelfrey, 112 Ohio St.3d 422, 860 N.E.2d 735, 2007-Ohio-256, wherein the Court vacated a conviction on a greater degree of an offense because the verdict form failed to comply with R.C. 2945.75.[2]   Because the Pelfrey verdict form did not set out the greater degree of the offense or any aggravating factors, the Court held that the defendant could only be convicted of the least degree of the offense charged. Id. at ¶¶ 12, 14-15.

{¶ 5}   Appellee argued that appellant's motion is procedurally defective and is based on case law decided after his conviction.   Appellant countered that any conviction or sentence that did not comply with R.C. 2945.72 (a statute which, in fact, pre-dated his conviction) is *void ab initio* and a void sentence can be vacated at any time.

{¶ 6}   On February 18, 2009, the trial court denied appellant's motion.   In its detailed decision, the court explained that appellant's conviction occurred before Pelfrey and that the verdict form complied with the law as it existed at that time.   Although Pelfrey was decided before Sowards I was resolved on appeal, the court noted that appellate counsel could have, but did not, raise the matter in appellant's first appeal of right.   Finally, the court construed appellant's motion as a petition for postconviction relief and held that his claim is barred under the   doctrine of res judicata.   This appeal followed.

I

{¶ 7}   In his first assignment of error, appellant asserts that the trial court erred by not

---

[2]   R.C. 2945.75(A)(2) states "[a] guilty verdict shall state either the degree of the offense of which the offender is found guilty, or that such additional element or elements are present. Otherwise, a guilty verdict constitutes a finding of guilty of the least degree of the offense charged."

applying <u>Pelfrey</u> to his case.   We disagree.

**{¶ 8}**   Our analysis begins with a precise chronology of cases.   The trial court filed

appellant's judgment of conviction and sentence on November 30, 2006.   <u>Pelfrey</u> was decided

on February 7, 2007.   Our decision in <u>Sowards I</u> was journalized on September 17, 2007.

Appellant did not raise the <u>Pelfrey</u> issue during his direct appeal.   Thus, as the trial court

correctly noted, <u>Pelfrey</u> was decided after appellant's conviction, but before we entered final

judgment on his direct appeal.   Accordingly, (1) the R.C. 2945.75 issue could have been, but

was not, raised on direct appeal, and (2) a final judgment has been rendered on this case.

**{¶ 9}**   Generally, a final judgment issued by a court of competent jurisdiction on the

merits of a case is conclusive as to the rights of parties and is an absolute bar to a subsequent

action. <u>State v. Davis</u>, 119 Ohio St.3d at 422, 894 N.E.2d 1221, 2008-Ohio-4608, ¶6; also see

<u>State ex rel. Rose v. Ohio Dept. of Rehab. & Corr.</u> (2001), 91 Ohio St.3d 453, 455, 746 N.E.2d

1103.   The Ohio Supreme Court has also rejected the claim that "res judicata has no application

where there is a change in the law due to a judicial decision of [the] court." <u>State v. Szefcyk</u>

(1996), 77 Ohio St.3d 93, 95, 671 N.E.2d 233.   As the trial court aptly noted, appellant's claim

is barred by the doctrine of res judicata regardless of how appellant's motion is characterized.

**{¶ 10}**  Because the Ohio Supreme Court has held that the doctrine of res judicata applies

to voidable judgments, but not void judgments, appellant's only avenue of relief is to show that

his 2006 judgment of conviction and sentence was *void ab initio*.   See <u>State v. Simpkins</u>, 117

Ohio St.3d 420, 884 N.E.2d 568, 2008-Ohio-1197, at ¶30.   We do not find in <u>Pelfrey</u> any

indication that a failure to strictly comply with R.C. 2945.75 renders a judgment void.

Appellant cites to us no case law that so holds, nor have we found any such authority.

{¶ 11} Appellant cites <u>State v. Payne</u>, 114 Ohio St.3d 502, 873 N.E.2d 306, 2007-Ohio-4642, in which the Court remarked that "[i]t is axiomatic that imposing a sentence outside the statutory range, contrary to the statute, is outside a court's jurisdiction, thereby rendering the sentence *void ab initio*." Id. at ¶29, fn. 3.   We, however, are not persuaded that <u>Payne</u> supports appellant's argument.

{¶ 12} First, that particular remark is included in a footnote in Justice O'Connor's opinion and is, technically, *obiter dicta*.   Second, we believe that passage involved prison sentences wholly outside those enumerated and permitted by statute, irrespective of the operation of R.C. 2945.75.   Third, the context of the case appears to run counter to the proposition for which appellant cites it.

{¶ 13} By way of background, the Ohio Supreme Court decided <u>State v. Foster</u>, 109 Ohio St.3d 1, 845 N.E.2d 470, 2006-Ohio-856, on February 27, 2006.[3]   The next month, our Tenth District colleagues remanded a case to the trial court for re-sentencing in light of <u>Foster</u>.   See <u>State v. Payne</u>, Franklin App. No. 05AP-517.   Less than a week later, the State filed an App.R. 26(A) application for reconsideration and argued that, although the defendant could not have raised the <u>Foster</u> issue in the trial court, and his appellate case had already been submitted by the time the Ohio Supreme Court had ruled, the defendant could have nevertheless objected to his sentencing based on the United States Supreme Court cases on which <u>Foster</u> was grounded.   See <u>State v. Payne</u>, Franklin App. No. 05AP-517, 2006-Ohio-2552, at ¶¶1&6.   The Ohio Supreme

---

[3] That case held that based on the United States Supreme Court's decisions in <u>Apprendi v. New Jersey</u> (2000), 530 U.S. 466, 120 S.Ct. 2348, 147 L.Ed.2d 435, as well as <u>Blakely v. Washington</u> (2004), 542 U.S. 296, 124 S.Ct. 2531, 159 L.Ed.2d 403. See 2006-Ohio-856, at paragraphs one, three and five of the syllabus, a number of Ohio's felony sentencing statutes violated the United States Constitution.

Court affirmed.   Although Payne is arguably distinguishable from this case on the basis that no "Pelfrey-like" case law exists at the federal level as it exists with the Foster case, the point to be gleaned from Payne is the fact that although the United States Supreme Court's decisions rendered Ohio's felony sentencing framework unconstitutional prior to Foster, sentences imposed on the basis of those unconstitutional laws are voidable rather than void.   Indeed, the Ohio Supreme Court observed a "void sentence is one that a [trial] court imposes despite lacking subject-matter jurisdiction or the authority to act * * * [whereas] a voidable sentence is one that a court has jurisdiction to impose, but was imposed irregularly or erroneously." (Citations omitted.) 2007-Ohio-4642, at ¶27.

{¶ 14}  After our review in the case sub judice, we are not convinced that the trial court acted erroneously because the law at the time of appellant's conviction only required "substantial compliance" with R.C. 2945.75, rather than strict compliance that Pelfrey later mandated. Additionally, no question exists that the Gallia County Common Pleas Court possessed both subject matter and *in personam* jurisdiction over appellant at the time of his trial and conviction. Appellant has not persuaded us that the trial court lost jurisdiction simply because R.C. 2945.75 was not strictly enforced.   Absent a loss of jurisdiction, we fail to see how appellant's judgment of conviction and sentence was rendered void as opposed to voidable.

{¶ 15}  Appellant also relies on several decisions from this Court that have enforced Pelfrey against defective verdicts.   However, those cases were decided on direct appeal.   In the case sub judice, we previously affirmed appellant's final judgment of conviction and sentence and both the Ohio and United States Supreme Court have passed on jurisdictional motions.

{¶ 16}  Accordingly, because appellant's judgment of conviction and sentence is

voidable, rather than void, we conclude that he is barred by the doctrine of res judicata from raising the R.C. 2945.75 issue at this late date.   Thus, we hereby overrule appellant's first assignment of error.

II

{¶ 17}  In his second assignment of error, appellant asserts that his trial counsel was constitutionally ineffective for not raising the Pelfrey verdict defect.   We, however, believe that res judicata bars this argument and furthermore, even if it were not barred, we would find no merit to this argument.

{¶ 18}  It is well-settled that criminal defendants have a right to the effective assistance from counsel.   McCann v. Richardson (1970), 397 U.S. 759, 770, 90 S.Ct. 1441, 25 L.Ed.2d 763; State v. Lytle (Mar. 10, 1997), Ross App. No. 96CA2182.   To establish constitutionally ineffective assistance of counsel, a defendant must show that (1) counsel's performance was deficient, and (2) such deficient performance prejudiced the defense and deprived him of a fair trial.   See Strickland v. Washington (1984), 466 U.S. 668, 687, 104 S.Ct. 2052, 80 L.Ed.2d 674; also see State v. Issa (2001), 93 Ohio St.3d 49, 67, 752 N.E.2d 904.   Both prongs of the Strickland test need not be analyzed, however, if the ineffective assistance claim can be resolved under one.   See State v. Madrigal (2000), 87 Ohio St.3d 378, 389, 721 N.E.2d 52. To establish the existence of prejudice, a defendant must show that a reasonable probability exists that, but for counsel's alleged error, the result of the trial would have been different. State v. White (1998), 82 Ohio St.3d 16, 23, 693 N.E.2d 772; State v. Bradley (1989), 42 Ohio St.3d 136, 538 N.E.2d 373, at paragraph three of the syllabus.

{¶ 19}  Even if we assume for purposes of argument that trial counsel erred by failing to

raise a lack of compliance with R.C. 2945.75, appellant has not persuaded us that the outcome of his case would have been otherwise.   Appellant was convicted in 2006.   Pelfrey was decided in 2007.   As the trial court correctly noted, prior to Pelfrey only "substantial compliance" with R.C. 2945.75 was required, not strict compliance.   See   State v. Wireman, Pike App. No. 01CA662, 2002-Ohio-1526, at ¶¶16-18; also see State v. Huckleberry, Scioto App. No. 07CA3142, 2008-Ohio-1007, at ¶25, fn. 1.   Appellant does not argue that the 2006 jury verdict failed to meet a "substantial compliance" standard and that does not appear to be the case from our review of the record.   Thus, the verdict form complied with the law as it existed at that time.

{¶ 20}   It is axiomatic that trial counsel is not required to perform a vain act in order to avoid an ineffective assistance claim.   State v. Caldwell, Cuyahoga App. No. 80556, 2002-Ohio-4911, at ¶37; State v. Carter (Jul. 31, 1986), Hamilton App. No. C-840121.   Here, the verdict complied with our interpretation of the law at that time and, thus, any such challenge would have constituted a vain act.   Therefore, appellant cannot establish prejudice as a result of counsel failing to raise this particular argument.   Absent prejudice, appellant cannot establish constitutionally ineffective assistance.

{¶ 21}   Accordingly, based upon the foregoing, we hereby overrule appellant's second assignment of error.[4]

{¶ 22}   Having reviewed all errors assigned and argued by appellant in his brief, and after finding merit in none, we hereby affirm the trial court's judgment.

JUDGMENT AFFIRMED.

---

[4]   To the extent that appellant raises an ineffective assistance of appellate counsel claim (in the first sentence of his argument), we note that the proper procedural vehicle to raise such issue is an App.R. 26(B) motion to reopen appeal.

Kline, J., concurring.

{¶ 23} I respectfully concur in judgment only. Here, I would treat Sowards' Motion to Vacate Sentence as an untimely petition for postconviction relief. See, e.g., *State v. Banks*, Franklin App. No. 05AP-1062, 2006-Ohio-4225, at ¶6-7, citing *State v. Reynolds*, 79 Ohio St.3d 158, 1997-Ohio-304. (Furthermore, if we were to treat Sowards' motion as something other than a petition for postconviction relief, I believe that we would lack jurisdiction to consider Sowards' appeal. See, e.g., *State v. Lemaster*, Pickaway App. No. 02CA20, 2003-Ohio-4557, at ¶13-26; *State v. Kaiser*, Lawrence App. No. 10CA1, 2010-Ohio-4616, at ¶19-26; *Banks* at ¶2-3.) Accordingly, I would overrule Sowards' assignments of error for the reasons outlined in *State v. Franklin*, Meigs App. No. 05CA9, 2006-Ohio-1198. First, Sowards did not file his petition for postconviction relief in a timely manner. See id. at ¶6-8, citing R.C. 2953.23(A); *Banks* at ¶7. And second, Sowards' claims were barred by res judicata. See *Franklin* at ¶10 ("[A] petitioner cannot raise, for purposes of postconviction relief, any error which was raised or could have been raised on direct appeal.").

{¶ 24} For these reasons, I respectfully concur in judgment only.

JUDGMENT ENTRY

It is ordered that the judgment be affirmed and appellee recover of appellant the costs herein taxed.

The Court finds there were reasonable grounds for this appeal.

It is ordered that a special mandate issue out of this Court directing the Gallia County Common Pleas Court to carry this judgment into execution.

If a stay of execution of sentence and release upon bail has been previously granted, it is continued for a period of sixty days upon the bail previously posted. The purpose of said stay is to allow appellant to file with the Ohio Supreme Court an application for a stay during the pendency of the proceedings in that court. The stay as herein continued will terminate at the expiration of the sixty day period.

The stay will also terminate if appellant fails to file a notice of appeal with the Ohio Supreme Court in the forty-five day period pursuant to Rule II, Sec. 2 of the Rules of Practice of the Ohio Supreme Court. Additionally, if the Ohio Supreme Court dismisses the appeal prior to the expiration of said sixty days, the stay will terminate as of the date of such dismissal.

A certified copy of this entry shall constitute that mandate pursuant to Rule 27 of the Rules of Appellate Procedure.

Harsha, P.J.: Concurs in Judgment & Opinion
Kline, J.: Concurs in Judgment Only with Opinion

For the Court

BY:_____
Peter B. Abele, Judge

**NOTICE TO COUNSEL**

Pursuant to Local Rule No. 14, this document constitutes a final judgment entry and the time period for further appeal commences from the date of filing with the clerk.