[Cite as *State v. Hiles*, 2019-Ohio-3330.]

# IN THE COURT OF APPEALS

## ELEVENTH APPELLATE DISTRICT

## TRUMBULL COUNTY, OHIO

| | | |
|---|---|---|
| STATE OF OHIO, | : | **O P I N I O N** |
| Plaintiff-Appellee, | : | |
| - vs - | : | **CASE NO. 2019-T-0005** |
| DANIEL LEROY HILES, | : | |
| Defendant-Appellant. | : | |

Criminal Appeal from the Trumbull County Court of Common Pleas, Case No. 2018 CR 00489.

Judgment: Affirmed.

*Dennis Watkins*, Trumbull County Prosecutor, and *Ashleigh Musick*, Assistant Prosecutor, Administration Building, Fourth Floor, 160 High Street, N.W., Warren, OH 44481 (For Plaintiff-Appellee).

*Michael A. Partlow*, 112 South Water Street, Suite C, Kent, OH 44240 (For Defendant-Appellant).

MATT LYNCH, J.

{¶1} Defendant-appellant, Daniel L. Hiles, appeals the Amended Journal Entry of the Trumbull County Court of Common Pleas, modifying the terms of his community control sanctions. For the following reasons, the judgment of the lower court is affirmed.

{¶2} On September 20, 2018, Hiles entered a plea of guilty to Attempted Breaking and Entering, a misdemeanor of the first degree in violation of R.C. 2923.02(A) and (E) and R.C. 2911.13(A) and (C).

{¶3} On November 8, 2018, Hiles was sentenced to three years of community control sanctions: "The Defendant is hereby sentenced to 180 days in the Trumbull County Jail; all 180 days suspended. $1,000 fine; all suspended. The defendant is to be on probation for three years, nonreporting, with the sole condition that he cooperate and do everything he's instructed to do by [his] caseworker with MRDD."[1] Hiles advised the court that he has "good people" from MRDD working with him and that this would be the last time he was going to be in the courthouse.

{¶4} Hiles' sentence was memorialized in a November 14, 2018 Entry on Sentence.

{¶5} On December 13, 2018, Hiles was in the courthouse on account of "multiple police reports from Girard police stating that Mr. Hiles is locking his doors [to prevent] healthcare coming in" and "he's called the police on them several times" and "when the police show up, he locks the police out of the house."

{¶6} The trial court admonished Hiles: "If they knock on your door, you open it. You call the cops again, I'm putting you in jail, is that clear? You do everything they tell you to do 24 hours a day, seven days a week. If they show up at midnight, you open the door and let them in. If you don't they're going to come visit you in prison."

{¶7} In a December 21, 2018 Amended Journal Entry, the trial court "ordered that the defendant's non-reporting sanction be modified to reporting probation."

{¶8} On January 18, 2019, Hiles filed a Notice of Appeal. On appeal, he raises the following assignment of error: "The trial court committed plain error by imposing overbroad probation conditions and assigning establishment of the precise terms of

---

1. At the change of plea hearing, the trial court was advised by a caseworker that Hiles "has mild developmental disabilities."

such to a third party not affiliated with the court."

{¶9} Hiles challenges the terms of his probation/community control sanctions.[2] Recognizing that "Appellant's trial counsel did not specifically object to the terms of probation now complained of," appellate counsel argues that it was plain error for the trial court to require "Appellant to cooperate and report to his case worker, a third party not affiliated with the court." Appellant's brief at 2-3. Even more detrimental to Hiles' claim than the failure to object is the failure to timely appeal the conditions imposed as part of his sentence.

{¶10} "It is well settled in Ohio that imposing a suspended sentence and placing a defendant on community control is a final sentence." *Bay Village v. Barringer*, 8th Dist. Cuyahoga No. 102432, 2015-Ohio-4079, ¶ 7; R.C. 2951.10. Accordingly, the conditions of community control and/or probation must be appealed within thirty days of the sentencing entry. *State v. Kaiser*, 4th Dist. Lawrence No. 10CA1, 2010-Ohio-4616, ¶ 15; *State v. Mason*, 10th Dist. Franklin No. 01AP-847, 2002-Ohio-2803, ¶ 19 ("[d]efendant's failure to challenge the condition of probation via an appeal of the * * * entry [suspending defendant's sentence and placing him on probation on condition that he refrain from engaging in offensive conduct] prevents consideration of the matter in the present appeal"); *State v. Freshwater*, 11th Dist. Lake No. 97-L-218, 1998 WL 553466, *1 (the court of appeals was without jurisdiction to entertain that portion of an appeal wherein the appellant "attempts to collaterally attack the imposition of probation

---

2. Prior to 2004, the term probation was used to describe a suspended sentence for a misdemeanor offense. *Mayfield Heights v. Brown*, 8th Dist. Cuyahoga No. 99222, 2013-Ohio-4374, ¶ 24. Following statutory amendments enacted by 2002 Am.Sub.H.B. 490, such a sentence is properly denominated a community control sanction. *See* R.C. 2929.25(A)(1)(b) ("in sentencing an offender for a misdemeanor * * * the sentencing court may * * * [i]mpose a jail term * * *, suspend all or a portion of the jail term imposed, and place the offender under a community control sanction") and 2929.01(E) ("'[c]ommunity control sanction' includes probation * * * if the sentence involved was imposed for a misdemeanor that was committed prior to January 1, 2004").

3

by appealing the judgment finding him guilty of violating his probation").

{¶11} Hiles failed to appeal the condition of his community control that he "do everything he's instructed to do by [his] caseworker with MRDD" memorialized by the November 14, 2018 Entry on Sentence. He may not now collaterally challenge that condition following the change of his probation from nonreporting to reporting.

{¶12} Assuming, arguendo, that the trial court's specification that Hiles is subject to "mandatory * * * 24/7 continuous supervision and cooperation with the caseworkers at Mental Retardation and Developmental Disability" constituted a change in the terms of his community control, we do not find that the modified condition constituted plain error.

{¶13} "[I]n sentencing an offender for a misdemeanor, * * * the sentencing court may * * * [d]irectly impose a sentence that consists of one or more community control sanctions" as well as "other conditions of release under a community control sanction that the court considers appropriate." R.C. 2929.25(A)(1)(a). "[T]he court shall place the offender under the general control and supervision of the court or of a department of probation" and, "[i]n the interests of doing justice, rehabilitating the offender, and ensuring the offender's good behavior, the court may impose additional requirements on the offender." R.C. 2929.25(C)(1) and (2). The court "may impose any other sanction that is intended to discourage the offender or other persons from committing a similar offense if the sanction is reasonably related to the overriding purposes and principles of misdemeanor sentencing." R.C. 2929.27(C). "The community control sanction that is imposed * * * should have adequately punished the offender for his misconduct and should have adequately protected the public from future crime by the offender."

4

(Citation omitted.)  *State v. Wolfe*, 5th Dist. Stark No. 2008-CA-00064, 2009-Ohio-830, ¶ 18.

{¶14}  "In addition to considering whether a condition relates to these statutory goals, * * * probation [or community control] conditions 'cannot be overly broad so as to unnecessarily impinge upon the probationer's liberty.'"  *State v. Talty*, 103 Ohio St.3d 177, 2004-Ohio-4888, 814 N.E.2d 1201, ¶ 13, quoting *State v. Jones*, 49 Ohio St.3d 51, 52, 550 N.E.2d 469 (1990).  The United States Supreme Court has recognized that probationary sentences typically subject offenders to "conditions that substantially restrict their liberty."  *Gall v. United States*, 552 U.S. 38, 48, 128 S.Ct. 586, 169 L.Ed.2d 445 (2007).  Such conditions may require the offender to "report regularly to their probation officer, permit unannounced visits to their homes, refrain from associating with any person convicted of a felony, and refrain from excessive drinking," "as well as * * * mandatory counseling sessions with a caseworker or psychotherapist."  *Id.* at 48 and fn. 4.  Since the conditions imposed may significantly restrict an offender's liberty (albeit not as much as a custodial sentence would), "probation conditions must be reasonably related to the statutory ends of probation."  *Talty* at ¶ 16.

{¶15}  Hiles maintains that "the decision of the trial judge to make a condition [of] Appellant's probation giving MRDD broad authority to regulate Appellant's probation is not customarily [sic] practice of the courts and, in fact constitutes an unlawful relegation of judicial function to a non-judicial entity."  Appellant's brief at 3-4.

{¶16} On the contrary, we fail to discern any meaningful distinction between subjecting Hiles to the supervision of his caseworkers and requiring an offender to undergo drug or mental health treatment with third parties.  As noted above, the

5

conditions of community control are subject to reasonable interpretation. Hiles would not violate his community control, for example, by refusing to obey an unlawful directive from his caseworker. Likewise, if a caseworker were to visit him at midnight, it is presumed that the purpose of the visit would be related to his disability.

{¶17} The Ohio Supreme Court has expressly declared that the conditions of probation, now community control sanctions, are subject to "commonsense" and rational interpretation. In *Jones*, the offender was ordered to have "no association or communication, direct or indirect, with anyone under the age of eighteen (18) years not a member of his immediate family." *Jones* 49 Ohio St.3d at 52, 550 N.E.2d 469. In affirming the validity of the condition, the court explained:

> Although the condition does not directly relate to conduct which is in itself criminal, it does reasonably relate to future criminality and serves the statutory ends of probation.
>
> The condition of probation questioned here appears to us to be capable of being readily understood. A "commonsense" reading of the condition provides Jones with fair notice of what conduct is prohibited. * * * [T]he words, "have no association or communication, direct or indirect with anyone under the age of eighteen (18) years not a member of his immediate family," should reasonably be interpreted as meaning an illicit, or potentially unlawful association or communication.
>
> Literal enforcement of any condition of probation * * * could be found to be unreasonable under some suggested fact patterns. For example, it might be unreasonable to find a violation of the probation condition for the probationer to be in the presence of people under the age of eighteen years while he was attending church services or programs or a group therapy program, or in any normal work setting, among other situations. Courts imposing conditions on probation are not expected to define with specificity the probationer's behavior in all possible circumstances. Rather, the conditions must be clear enough to notify the probationer of the conduct expected of him, with the understanding that the court will act reasonably at a revocation hearing, aware of the practicalities and fundamental goals of probation.

*Id.* at 54-55.

{¶18}  The sole assignment of error is without merit.

{¶19}  For the foregoing reasons, the Amended Journal Entry of the Trumbull County Court of Common Pleas, modifying the terms of Hiles' community control sanctions, is affirmed.  Costs to be taxed against the appellant.


THOMAS R. WRIGHT, P.J.,

TIMOTHY P. CANNON, J.,

concur.